

FILED

AUG 2 2 2008
Page 2

AO 241
(Rev. 12/04)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: DELAWARE | 08 - 538 |
|---|---|---|

| Name (under which you were convicted): WILLIS L. GRAYSON,Jr. | Docket or Case No.: IN-85-010-825& 85-031-524 R2 |
|---|---|

| Place of Confinement : DEL. COR.CENTER | Prisoner No.: 00121905 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| WILLIS L. GRAYSON,Jr. | v. WARDEN PEERY PHELPS |

| The Attorney General of the State of BEAU BIDEN |
|---|

## PETITION

1.      (a) Name and location of court that entered the judgment of conviction you are challenging: Superior Court of Delaware.

        (b) Criminal docket or case number (if you know): IN-85-010-825R2 & IN-85-031-524 R2.

2.      (a) Date of the judgment of conviction (if you know): 9-16-85.

        (b) Date of sentencing: 3-7-86.

3.      Length of sentence: Sixty (60) yrs.

4.      In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5.      Identify all crimes of which you were convicted and sentenced in this case: Two Counts of 2nd degree rape.

6.      (a) What was your plea? (Check one)

                ☒ (1)    Not guilty        ☐ (3)    Nolo contendere (no contest)

                ☐ (2)    Guilty            ☐ (4)    Insanity plea

AO 241
(Rev. 12/04)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?    N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: SUPREME COURT OF DELAWARE

(b) Docket or case number (if you know): IN-85-010-825R2 & IN-85-031-524R2.

(c) Result: AFFIRMED

(d) Date of result (if you know): 5-11-87

(e) Citation to the case (if you know): DEL.SUPR.,524 A.2d1 (1987)

(f) Grounds raised:

SAND BAGGING,DON'T RECALL OTHER GROUNDS.

(g) Did you seek further review by a higher state court?    Yes    ☒ No

If yes, answer the following:

(1) Name of court:    N/A

(2) Docket or case number (if you know):    N/A

(3) Result:    N/A

(4) Date of result (if you know):    N/A

AO 241
(Rev. 12/04)

Page 4

 (5) Citation to the case (if you know): N/A

 (6) Grounds raised: N/A

 (h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes   ☒ No

  If yes, answer the following:

  (1) Docket or case number (if you know): N/A

  (2) Result: N/A

  (3) Date of result (if you know): N/A

  (4) Citation to the case (if you know): N/A

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

 (a)  (1) Name of court: SUPERIOR COURT of DELAWARE.

  (2) Docket or case number (if you know): IN-85-010-825R2 & IN-85-031-524R2.

  (3) Date of filing (if you know): Not sure, believe approx: 7-89

  (4) Nature of the proceeding: Rule 61 Post Conviction (PCRM)

  (5) Grounds raised: Ineffective Assistance of Counsel. According to court records my initnal Rule 61 was never docketed, the court records are incorrect thatis they show no record of my filing a Habeas Corpus which was returned for failure to exhaust state remedies.

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

  ☐ Yes   ☒ No

  (7) Result:

  (8) Date of result (if you know):

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court SUPERIOR COURT of DELAWARE.

  (2) Docket or case number (if you know): IN-85-010-825 R2 & IN-85-031-524 R2.

  (3) Date of filing (if you know): 6-26-92

  (4) Nature of the proceeding: Rule 61 PCRM, EVIDENTIARY HEARING & NEW TRIAL.

  (5) Grounds raised: (1)ABSENCE OF MEDICAL RECORD. (2)SUFFICIENCE OF
EVIDENCE. (3)VAGUENESS OF STATUTE. (4)ADMISSION OF MEDICAL RECORD,lack-
thereof. (5) UNLAWFUL USE OF PRE-EMPTOYR CHALLENGES. (6)GRAND JURY PRO-
CEEDINGS,i.e.,no re-indictment issued by and/or from Grand Jury as ordered
by initial trialcourt. (7)INEFFECTIVE ASSISTANCE OF COUNSEL.

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

  ☐  Yes  x ☐  No

  (7) Result: Denied.

  (8) Date of result (if you know): 12-15-92.

(c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court: SUPERIOR COURT of DELAWARE.

  (2) Docket or case number (if you know): IN-85-010-825R2 &IN-85-031-524R2

  (3) Date of filing (if you know): 5-17-02

  (4) Nature of the proceeding: Rule 61 PCRM,

  (5) Grounds raised: (1) ATTCHMENT OF DOUBLE JEOPARDY. (2) LACK OF
    JURISDICTION OF SECOND TRIAL COURT. (3) CONVICTION OBTAINED
    UNCONSTITUTIONALLY. (4) INEFFECTIVE ASSISTANCE OF COUNSEL.

AO 241
(Rev. 12/04)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:   SUMMARILY DISMISSED

(8) Date of result (if you know): 4-9-07.

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:   ☒ Yes   ☐ No

(2) Second petition:   ☐ Yes   ☒ No

(3) Third petition:   x☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: ATTACHMENT OF DOUBLE JEOPARDY

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):   On July 1,1985,
Defendant/Petitioner's initial trial ended in a mistrial after the
jury had been empaneled and sworn but yet to hear any evidence, the mis-
trial was requested by the State/Prosecutor due to the loss of the
medical report that had been in its custody six months prior to the
defendant's initial trial. Upon the granting of said mistrial initial
trial gave the prosecutor specific orders. Please see Memorandum In
Support (here after MIS).

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 12/04)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ⊐ Yes  x ⊐  No

(2) If you did not raise this issue in your direct appeal, explain why:   Direct Appeal had been filed and Affirmed 5-11-87 ,Public Defender Nancy J. (Mullin)Perillo refused to raise Attachment of Double Jeopardy.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

x ⊐  Yes    ⊐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:Rule  61  PCRM

Name and location of the court where the motion or petition was filed: Superior & State Supreme Courts of Delaware.

Docket or case number (if you know): IN-85 010-825R2 & IN-85-031-524R2.

Date of the court's decision:                                   .4-9-07,

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?                    ⊐ Yes  x ⊐  No

(4) Did you appeal from the denial of your motion or petition?          x ⊐  Yes    ⊐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ⊠ Yes    ⊐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Supreme Court of Delaware


Docket or case number (if you know): No.206,2007

Date of the court's decision:    1- 23- 08

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

𝕊AO 241                                                                                              Page 8
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:    N/A.

**GROUND TWO:**   SECOND TRIAL COURT LACKED JURISDICTION

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Upon the initial

trial court's granting prosecutor's request for a mistrial said court

gave specific orders to prosecutor," Should the accused be retried,he

reindicted",this order wasn't adhered to by,either the prosecutor or

the second trial court.See MIS.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes  x ☐   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Direct Appeal had been

filed and Affirmed ,5-11-87,Public Defender Nancy J. (Mullin) Perillo

refused to raise above ground.

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

x ☐   Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61 PCRM

Name and location of the court where the motion or petition was filed: Superior

Court of Delaware.

Docket or case number (if you know): IN-85-010825R2 & IN-85-031-524R2.

Date of the court's decision: 4-9-07.

AO 241
(Rev. 12/04)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                  ☐ Yes  x☐ No

(4) Did you appeal from the denial of your motion or petition?          x☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware.

Docket or case number (if you know):  No. 206,2007.

Date of the court's decision:  1-23-08

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two N/A.

**GROUND THREE:** CONVICTION OBTAINED UNCONSTITUTIONALLY VIOLATING DEFENDANT'S RIGHT TO DUE PROCESS.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): At defendant's initial trial prosecutor informed said court that the medical record/examination of the alleged victim couldn't be found this loss was the reason for the prosecutor's request for the mistrial,and the aforesaid court's order to,"Reindict the accused upon the recovery of the aforesaid evidence"which was nevered recovered nor presented at the seconded trial. See MIS.

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏ Yes  x❏ No

(2) If you did not raise this issue in your direct appeal, explain why:Direct Appeal had been filed and Affirmed,5-11-87, Public Defende r Nancy J. (MuIlin) Perillo refused to raise above ground.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    x ❏   Yes     ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61 PCRM.

Name and location of the court where the motion or petition was filed: Superior Court of Delaware.

Docket or case number (if you know): IN-85-010-825R2 & IN-85-031-524R2.
Date of the court's decision:4-9-07.

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏ Yes  x❏ No

(4) Did you appeal from the denial of your motion or petition?     x ❏ Yes     ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes     ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware.

Docket or case number (if you know): No. 206,2007.

Date of the court's decision:    1-23-08

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:  N/A

**GROUND FOUR:** INEFFECTIVE ASSISTANCE OF COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel during defendant's second trial failed to make an objection that the prosecutor failed to recover the missing medical report,failed to make a motion for an acquttial,and/or that the charge(s) be dismissed,counsel also failed to object to the prosecutor's failure to reindict the defendant upon him being retried as ordered by initial trial court. Counsel also failed to motion the court to dismiss the charge (s) due to the prosecutor's failure to reindict.See MIS.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes  x ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: Direct Appeal had been filed and Affirmed ,5-11-87, Public Defender Nancy J. (Mullin) Perillo

(d)    **Post-Conviction Proceedings:**        refused to raise above ground.

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    x ☐  Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61 PCRM

AO 241
(Rev. 12/04)

Page 12

Name and location of the court where the motion or petition was filed: Superior Court of Delaware.

Docket or case number (if you know):  IN-85-010-825R2 & IN-85-031-524R2.

Date of the court's decision: 4-9-07.

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes  x☐ No

(4) Did you appeal from the denial of your motion or petition?          x ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware.

Docket or case number (if you know):  No. 206,2007.

Date of the court's decision: 1 - 23- 08

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: N/A

AO 241
(Rev. 12/04)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☒  Yes    ☐  No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

        that you challenge in this petition?    ☐  Yes    ☒  No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

        raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

        of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

        the judgment you are challenging?    ☐  Yes    ☒  No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

        raised.

AO 241
(Rev. 12/04)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  Craige A.Karsnitz,110West Pine Street P.O.Box594 Georgetown,De19947

(b) At arraignment and plea: Pro se

(c) At trial:  Eugene J. Maurer,Jr. 1201-A King Street,Wilm,De 19801.

(d) At sentencing:  Ofc. of THE PUBLIC DEFENDER, 820 N. French St. Wilm, de 19801.

(e) On appeal:  OFC. of THE PUBLIC DEFENDER,the late Nancy J. (Mullin) Perillo. 820 N. French St. Wilm De 19801.

(f) In any post-conviction proceeding:  Pro se.

(g) On appeal from any ruling against you in a post-conviction proceeding:  Pro se.

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ☐  Yes     ☒  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ☐  Yes     ☐  No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Please The defendant/petitioner cites Extraordinary Circumstances and Equitable Tolling, see MIS.

AO 241
(Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

> (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
> custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
>> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
>> of the time for seeking such review;
>>
>> (B)    the date on which the impediment to filing an application created by State action in violation of
>> the Constitution or laws of the United States is removed, if the applicant was prevented from
>> filing by such state action;
>>
>> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
>> Court, if the right has been newly recognized by the Supreme Court and made retroactively
>> applicable to cases on collateral review; or
>>
>> (D)    the date on which the factual predicate of the claim or claims presented could have been
>> discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

Page 16

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: That this HONORABLE COURT review
my petition upon its merits because in not doing so will be a grave
miscarriage of justice
          .

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on  8-11-08  (month, date, year).

Executed (signed) on  8-7-08  (date).

Willis L. Grayson, Jr.
WILLIS L. GRAYSON, Jr.
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION
U.S. District Court District of Delaware
[insert appropriate court]

* * * * *

I/M: W. L. Grayson, II
SBI# 121905     UNIT E / D - 31
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



UNITED STATES POSTAGE
$ 02.06°
02 1A
0004603975
MAILED FROM ZIP CODE 19977
AUG 20 2008

3RD CLASS

UNITED STATES POSTAGE
$ 00.00°
02 1A
0004608975
MAILED FROM ZIP CODE 19977
AUG 19 2008

To: U.S. District Court
Attn: Office of the Clerk
844 D. King St. Lock box 18
Wilm, De 19801

3rd CLASS