COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

F I L E D

AUG 2 2 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

WILLIS L. GRAYSON,Jr.
PETITIONER/Defendant

v.                                         Cr . A.No.  0 8 -   5 3 8

Warden Perry Phelps

Respondent

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION UNDER 28 U.S.C. 2254 for a WRIT of HABEAS CORPUS

The petitoner, Willis L.Grayson,Jr.,Pro-Se, moves this Honorable
Court pursuant to 28 U.S.C.2254 for a Writ of Habeas Corpus,to vacate
his conviction on the charge (s) of; two counts of rape in the 2nd de-
gree,Based on errors of law and constitutional violations as stated in the
attached writ of habeas corpus. This is the petitioner/defendant's mem-
orandum of law in support of his request for relief.

### I.INTRODUCTION

*1 Petitioner Willis L.Grayson,Jr.,(Grayson/Petitioner) is incarcer-
ated at Delaware Correctional Center in Smyrna,De.

### II.PROCEDURAL AND FACTUAL
### BACKGROUND

In July 1,1985, prosecutors filed an indictment charging Grayson with
two counts of 2nd degree rape but due to prosecutor's loss of its evi-
dence that is the medical report(hereafter med report) of state's ex-
pert witness prosecutor requested a mistrial which initial trial court
granted with the following orders to prosecution;"You will recover the

missing evidence and present it to this court and should the accused
be retried you will reindict him". A Delaware Superior Court jury con-
victed Grayson of both charges in September 16,1985,and Superior  Court
sentenced Grayson in March 1986. In March of 1986, Grayson filed a
direct appeal in the Delaware Supreme Court which was denied in April 10,
1987. In July 1989,Grayson filed his initial post-conviction relief
motion (hereafter PCRM) this motion for unknown reasons wasn't re-
corded by the Prothonotary and this filing served to toll the limi-
tations period. On June 1992, Grayson filed what should be recognized
as his first PCMR and a motion for trial transcripts including initial
trial court's aforementioned specific orders to the prosecution,tran-
scripts of said trial court's orders weren't afforded Grayson and his
PCRM of June 1992 was denied as of December of 1992.

On December of 1995, Grayson again filed a motion for a complete copy
of the aforesaid mistrial transcripts that is orders to prosecution,
this motion to was denied as was motion for reconsideration of January
1996;Grayson filed three more motions seeking the aforesaid mistrial
transcript that is aforesaid court's orders to prosecution;Grayson's
specific need of these transcripts pertained to initial trial court's
order,"To reindict the accused should he be retried",allthese follow-
ing motions also were denied.

In March 2007, Grayson a third PCRM inwhich his cited four grounds
for relief: (1) double jeopardy after mistrial,(2)lack of jurisdiction,
(3)conviction obtained unconstitutionally(failure to  disclose excul-
patory evidence,(4)ineffective assistance of counsel,as of April 2007

(2)

Grayson's aforesaid motion was summarly dismissed citing Procedural

Bar. As of April 2007,Grayson filed his Notice of Appeal in the Supreme

Court of Delaware, as of June 2007.Grayson filed his Opening Brief
citing Abuse of The Court/Judges Discretion when the aforesaid failed
to review the merits that is the relevent factors that should have been
given significant weight but weren't given the consideration warranted,
but instead gave weight to improper and irrelevant factors from the state
that is,thatGrayson's PCRM was time barred under Rule 61 (i) (1),as of
January 2008,Grayson'sappeal was affirmed.

[FOOT NOTE]: In the December 1995 motion for a complete copy of the mis-
trial transcripts Grayson also filed an accompaning PCRM.

## II. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion And Procedural Default

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") " to reduce delays in the execution of state and federal crimina sentences ... and to further the principles of comity, finality and fedrealism." Woodford v. Garceau, 538 U.S.202,206 (2003) (internal citations and quotation marks omitted). AEPDA increases the deference federal courts must give to state court decisions,primarily by imposing procedural requirements and standards for analyzing the merits of a habeas petition. See id. at 206. For example, AEDPA imposes a one year limitation period on the filing of habeas petitions. 28 U.S.C. 2244(d). Additionally,before seeking habeas relife from a federal court ,astate must exhaust remedies available in the state courts. 28 U.S.C. 2254 (b) (1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn,228 F.3d 178,192 (3d Cir.2000). A state prisoner exhausts state remedies by fairly presenting the substance of his federal habeas claims to the state's highest court,either on direct appeal or in a post-conviction proceeding. See O'Sullivan v. Boerckel,526 U.S. 838, 844-45;(1999) ; Lambert v. Blackwell, 134 F.3d 506,513 (3d Cir.(1997);Coverdale v. Synder, 2000 WL 1897290, at *2 (D.Del. Dec. 22,2000.

If a petitioner did not fairly present a federal habeas claim to the state courts, and further state court review is still available, the claim is not exhausted. Generally,a federal court will dismiss without prejudice an exhausted claim in order to give a petitioner an opportunity to present that claim to the state courts. Lines v. Larkins, 208 F.3d 153,159-60 (3d Cir.2000). However, if the state procedural rules bar further state review of an exhuasted claim, a federal court will excuse the petitioner's failure to exhaust and treat the claim as exhausted. Colman v. Thompson,501 U.S.722,731-32 (1991); see Slutzker v. Johnson,393 F.3d 373,380 (3d Cir.2004)(" [e]xhaustion is not

(4)

required where pursuit of state remedies would be futile"). Although deemed exhausted, these claims are procedurally defaulted,and a federal court cannot review the merits of procedurally defaulted merits absent a showing of cause for,and prejudice resulting from,the procedural default,or that a miscarriage of justice will result if the claim is not reviewed on the merits. See Coleman,501 U.S.at 745-46.

*2 Sometimes a petitioner will present a mixed habeas petition containing both exhausted and unexhausted claims. See generally Rose v. Lundy, 455 U.S. 509 (1982). In these circumstances, a district court must dismiss the mixed petition in its entirety, without prejudice, in order to give the petitioner an opportunity to present the unexhausted claims to the state courts. Rhine v.Weber,544 U.S. 269,269, 274(2005);Pliler v. Ford,542 U.S. 225,229-30(2004); Rose,455 U.S. at 510,522; Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.1997).However,if a petitioner filed his mixed petition within AEDPA's one-year limitation period, but the period expired during the pendency of the petition in federal court ,then dismissing the mixed without prejudice will efftuate a dismissal with prejudice because the petitioner will be time-barred from presenting any newly exhausted claim in new habeas petition. See Rhines, 544 U.S. at 275. When this situation occurs, a district coutr has limited discretion to say the habeas proceedings to enable the petitioner to satisfy the exhaustion requirement without precluding future federal habeas review. Rhines, 544 U.S. aŧ 277-78 (holding that the situation in which a federal court has discretion to engage in the stay-and-abey procedur for mixed petitios are very limited); compared with Crews v.Horn, 360 F.3d 146,154 (3d Cir. 2004) (holding that "a stay is the only appropiate coures of action" for a mixed petition "when an outrigft dismissal could jeopardize the timelessness of a collateral attack."). The stay-and-abey procedure is only appropriate when the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potenyially meritorious,and there no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines,544 U.S.at278.

III.DISCUSSION

Grayson asserts four grounds for relief in his petition and support-
ing memorandum: (1)Attachment of double jeopardy after mistrial; (2)
second trial court lacked jurisdiction to proceed with defendant's
second trial; (3)conviction obtained unconstitutionally,prosecutor
violated defendant's fifth and fourteenth amendments.i.e.,absence of
its     itsmedical evidence and failure to disclose upon request;and;(4) in-
efffective assistance of counsel.

Grayson has exhausted state remedies for his four claims when he filed
his PCRM of March of 2007 and appealed the aforesaid in the Supreme
Court of Delaware which as of January of 2008 affirmed  Superior Court's
decision of procedural default pursuant to Crim. R.61 (i) **(1)**,Grayson
contends that he has demonstrated "cause for , and prejudice result-
ing from and in his procedural fault in and of his untimely filing of
not only his PCRM of March of 2007 but also his instant habeas petiti-
on ,that is Grayson 's ability to file a timely habeas petition was,is,
and remained due to the impedement by and from the initial and contin-
uous denials of the initial trialcourt and subsequent courts/judge that
reviewed petitioner's numerous motions for mistrial transcripts con-
taining specific orders to the prosecutor;see (exhibit𝗌,ß-ⅈ - ß-ꝗ, ꙮ
see items #45,46,47,page 8; page 9,items #60,63,page 10.items #64,65, 𝒫ₐₛₑ /ℓ
77,&76.

I .                 EQUITABLE TOLLING AND EXTRAORDINARY CIRCUMSTANCES

The petitioner asserts  that this Honorable Court should allow him
to proceed with his WRIT OF HABEAS OF CORPUS for the following:

    (1)Pursuant to Habeas Corpus Key Note 603,Equitable Tolling
can be applied when extraordinary circumstances (hereafter Ex Cir)
have worked to prevent the exercise of Due Diligence by the petitioner
from timely filing his petition. 28 U.S.C.A. 2244 (d) (2) 2254.

The petitioner uses the language in Helton v. Sec'yfor Dept of Corr, 259 F.3d 1310,1312 (11th Cir.2001). "Determination as whether rare and exceptional circumstances are presented requires examination of

each case". Grayson contends that not only Ex Cir.,but also Equitable Tolling (hereafter Eq T) applies in and to petitioner habeas, petitoner uses the language in Lawrence v. Florida,421 F.3d 1221,1226

(11th Cir.2005). "Ex Cir" include "when the State's conduct prevents petitioner from timely filing;Knight v. Schofield,292 F.3d 709,712 (2002);petitioner replaces the word State,and inserts Court in its place;in Pliler v. Ford,542 U.S.225,235,124 S.Ct. 2441,2448,159 L.Ed. 2d 338 (2004),("[I]f· petitioner is affirmatively misled, either by the Court or by the State, Eq T might well be appropriate");see Wade, 379 F.3d at 1265 (citaion omitted). Equitable Tolling .... is appropriate when a movant untimely files becaues of extraordinary circumstances that are both beyond his control and unavoidable even with diligence". Petitioner asserts that his situation is similar  to not only Lawrence,supra but Knight,and Pliler,supra also,that is ,the court prevented petitioner from timely filing his petition;petitioner will expound upon the aforesaid simularities between his instant case and both the aforesaid cases ●

                           ınds.

(2)Citing Merritt v. Blaine,326 F.3d 168 (3rd Cir.2003).Eq T is avaiable "only when the principles of equity would make the rigid application of a limitation period unfair",(quoting Miller v. N.J. Dept of Corr.,145 F.3d 616,618 (3rd Cir. 1998). In Fahy,we restate the two general requirements for Eq T: (1) That "the petitioner has in some extraordinary been prevented from asserting his or her rights",and (2)that the petitioner has shown that"he or she exercised reasonable diligence in investigating and bringing [the] claim". Petitioner quotes Magistrate's holdings in Merritt,supra,that is he this petitionre "acted diligently and reasonablly when he filed his 2nd and 3rd PCRM rather than filing a  habeas petition";petitioner will expound upon why he filed the abovementioned motions and not a habeas later in his MIS.

(7)

(3) Citing Satterfield v. Johnson,434 F.3d 185 (3rd Cir.2006) De-
monstration,Due Diligence, Ex Cir.,Justifing Equ T., of AEDPA Statue
of Limitations at 195. Equ T., is available "only when the principles
(importance) of equity (fairness) would make the rigid (strict) ap-
plication of a limitation period unfair ". Merritt ,326 F.3d at 168
(quoting Fahy v.Horn,240 F.3d 239,244 (3rd Cir.2001).Petitioner bears
burden to show that he diligently pursued his right  and that some
"Extraordinary Circumstances stood in his way". Pace 125 S. Ct. at 1814.
Equ T.,mat be had if:if the petitioner has in some extraordinary way
been prevented from asserting his rights,"Fahy v.Horn,240 E.3d at 244
(citing Jones v.Morton,195 F.3d 153,159)(3rd Cir.1999).

Petitioner will articulate when and why Equ T., is appropriate due to
Ex Cir., worked to prevent his due diligence from filing a timely pe-
tition and when the State,but moreso the Court's conduct prevented him
from timely filing;and when a timely filing was beyond his control and
unavoidable.

---

CAUSE OF EXTRAORDINARY CIRCUMSTANCES AND FOR EQUITABLE TOLLING

Throughout petitioner's ninteen years of collateral attacking his wrong-
ful conviction he has endeavored via Due and Reasonable Exercise of Dili-
gence to "investigate and bring his claim (s) before the court and as-
sert his rights via numerous motions to not only the initial but also
subsequent courts for initial trial court's mistrial transcripts which
pertained to said initial court's orders to the prosecutor to"reindict
the accused should he be retried upon the recovery of the missing med
report". According to Habeas Corpus Head Key Note#603, "To Trigger Equ T.,
a habeas petitioner must demonstrate that he exercised reasonable dili-
gence in investigating and bringing his claims,and that he was preven-
ted from asserting his rights in some extraordinary way.28 U.S.C.A. 2244
(d),(A) and 2254.

Peitioner vehemently,assertively contends he was and has been preven-
ted from exercising reasonable diligence in investigating and bring-
ing his claim (s),and he was prevented from asserting his rights in
some extraordinary way. Quoting the language in Lawrence v. Florida,
421 F.3d 1221,1226 (11th Cir.2005) "extra**rdinary circumstances i**nclude"
'when the State's conduct prevents petitioner from timely filing' ",
the aforesaid prevention ,that is "conduct by the state",must also in-
clude that of the/a Court,petitioner has continuously asserted that due
to the initial trial court's denial of his motion for its mistrial tran-
scripts,and the subsequent and continuous denials of the latter judge's
denials of petitioner's motions for said same transcripts that is initi-
al trial court's order (s) to the peosecutor to: (1) recover state's
own med report that had been in state's custody for six months prior to
petitioner's first trial. (2) present said med report to initial trial
court upon its recovery,and (3) that should the accused be retried that

he be reindicted. It is this/these conducts by and from the aforemen-
court and subsequent judge that prevented the petitioner from not only
exercising reasonable and DUE DILIGENCE in INVESTIGATING and bringing
HIS CLAIM (s),and ASSERTING HIS RIGHTS during his PCRM's but in a timely
filing of his habeas petition.

Using the language of Knight v. Schofield,292 F.3d 709,712 (11th Cir.
2002),petitioner contends that there's a simularity in Knight's case
and his,i.e., Knight wasn't notified that the court had denied his post-
conviction motion for eighteen months after the fact that is Knight had
to contact the clerk to find this out,the simularity of petitioner's
case is as follows: (1) petitioner filed his initial motion for an evi-
dentiary hearing and new trial in 1989, which wasn't recorded,see ex-
hibit 𝟏 ,page #1 of Judge Del Pesco'MEMORANDUM OPINION.(2) like Knight,
petitioner never received notice form Prothonotary's Office for several
months. (3) petitioner then filed a habes petition,then and only then
after his habes was dismissed without prejudice for failing to exhaust
state remedies did petitioner become aware that his aforementioned
PCRM had not been recorded.

In 1992, petitioner filed what must be recognized as his first post-
conviction motion which was allowed due to the aforementioned failure
by the Prothonotary's Office to docket his initial PCRM of 1989,the
court determined that said filing of his aforesaid PCRM of 1989,served
to toll the limitation period;see exhbit **1**,page #1 of aforementioned
memorandum of opinion;also see exhbit **B-1** items #29 & 30 of court docket
page #6.Petitioner asks this Honorable **Court** to focus upon his numerous
motions tothe initial and subsequent judge for the aforementioned mis-
trial transcripts,see exhibt-**B-1** item (s)#28,page #6,item **EX B-2** *items #y5 +*
*#47, page #8; EX-B-3; item(s) #60+#61, page #9; EX-B-4 items*
*#64; page #10+ item #77, page #11.*

According to the language in <u>Johnson v. Hendricks</u>,314 F.3d 159,123,
S.Ct. 1950,538 U.S. 1022,155 L.Ed.2d 865. Eqy. T. of of the one-year
limitation period for filing federal habeas petition is permitted if:
(1) the state has actively misled petitoner. (2) petitioner has in some
extraordinary way been prevented from asserting his rights. Petitioner
asserts that his instant situation falls squarely wihtin the permitted
perimeters of requirement ( #2 ) of and in the above case and its langu-
age;therefore,equitable tolling of theAEDPA's one-year limitation should
be applied to petitioner's instant petition,that his demonstration of
being prevented from and by the aforesaid conduct of the aforementioned
courts justifies equitable tolling and that the " principles (importance)
of equity (fairness) would make the rigid (strict) application of a lim-
itation period unfair" to him.


According to Super.Ct. Rule 9 (e)(ii) Burden of producing transcripts,
this rule places the burden upon the appellant of producing such por-
tions of the trail transcripts as necessary to give the court a fair
and accurate account of the context in which the claim of error oc-
curred. <u>Slater v. State</u>,Del.Supr.632 A.2d 1334 (1992)." Appellant's
rights to gain a meaning ful review of all proceedings leading to judg-
ment of his conviction", <u>Griffin v. Illinois</u>351 U.S. 12 (1956). Petit-
ioner asserts the continual denials of and by the aforementioned courts
impeded his rihgts to "a meaningful review of all the proceedings" as

to"open an inquiry into the intrinsic(inherent and essential) fairness
of thoes proceedings".The impediments by and from the aforementioned
courts,that is,DISCOVERY violated the Brady Claim which inturn violated
petitionder's right (s) to Due Process of Law and to a Fair and Impar-
tial Trial;see Super.Ct.Crim.R.Rule 16 (C). Using the language in Bradford
v. U.S.,413 F.2d 467 (5th Cir.1969),"if [thedefendant was to combat the

evidence,he have the assistance of other witnesses".] Although the petit-
ioner doesn't need the type of assistance mentioned in Bradford,the as-
sistance of the aforwsaid mistrial transcripts that is the orders to the
prosecutor would have assisted him to combat the erroneous claims in the

prosecutor's Answering Brief that'there was no double jeopardy bar to a
retrial ",these aforesaid orders/mistrial transcripts would give the
court a "fair and accurate account of the context in which the claim of
the error occurred. Petitioner requests pursuant to Del.Uniform Rules
of Evidence,Judicial Notice Rules 201 (b),(d),202 (a), (b);and Rules901
(9) and 902 (4),petitioner further requests pursuant toHabeas Corpus
Rules Governing §2254 Rule 5 the court on its ownor upon the request of
the petitioner may order that further portions of the existing trans-
cripts be furnished or that certain portions of the non-transcribed pro-
ceedings be transcribed and furnished,petitioner hereby makes the above
request for initial trial court's mistrial transcripts that is,its or-

ders that " Should the accused be retried that he be reindicted";petit-
ioner also requests initial trial court's written reason for granting
the mistrial trial be transcribed.

Petitioner asserts he has not only demonstrated the requirements to
"Trigger equitable tolling and Extraordinary Circumstances",but also

that the"Conduct of the courts" prevented him from asserting his rights,
investigating,and bring his case before the courts;and filing his habeas
petition in a timely manner;therefore,petitioner has shown "Cause" for
relief from the procedural bar and that he was and remains "Prejudiced"
by and from the conduct of the state courts;therefore,reconsideration
is warranted in the interest of justice,and that the bars to relief in

(11)

Super. Ct. R.P. Rule 61 (i) (1) (b) (2),(i) (2);(i) (3);(i) (4).are
inapplicable according to 61 (i) (5). state claims in it's Answering
Brief that petitioner had to raise in his first PCRM all claims he
knewof or could have learned of by reasonable diligence and any claim
not raised was barred by Rule 61 (i) (2);state is referring to petit-
ioner's two claims of double jeopardy and court's lack of jurisdiction;
petitioner counters state's claim by and with the following,see Jack-
son v. State654 A.2d 829 (Del. 1995),see Head Notes [6 & 7]."Supr.Ct.
has supervisory authority over rule making power of trial court",
in addition to this power the Supreme Court also "Has the power to con-
sider and determine any question so not presented",that is "Only ques-
tions fairly presented to the trial court may be presented for review,
provided,however,that when the interest of justice so requires,the
Court may consider and determine any question so not presented";
therefore,if the inferior state court,i.e., State Supreme Court has
supervisory authorityas aforementioned in Jackson, supra, over trial
court then so does the superior Federal Court have said same supervi-
sory authority over rule making power and has the power to consider and
determine any question so not presented,when the interest of justice
so requires;petitioner contends that his claims warrants this  Honor-
able Court's to "consider and determine" his question (grounds) upon
their merits,that is double jeopardy and second trial court's lack of
jurisdiction.

In addition to the above contentions petitioner further contends that
had the initial trial court granted his motion for the complete mistrial
transcripts that is initial trial court's orders to the prosecutor,
"to reindict the accused should he be retried",both his claims of dou-
ble jeopardy and court' lack of jurisdiction would have been raised in
his first PCRM of 1989,and 1992;see exhibit**B-1**items#28,page 6;and item
#45;page 8;said complete transcripts (orders of initial trial court)
were requested in both motions. In both Jackson, supra,and Riley v.
State585 A.2d 719,721 (Del.1990),state claims petitioner is time barred
under 61 (i) (1) ,(b) (2),(i) (2);and (i) (4).petitioner also cites
Jackson and the court's holdings, that due an,"excessively long delay",

(12)

that is Jackson's "direct appeal" which was due to <u>state's conduct</u>
Jackson was <u>prevented</u> from filing a timely post-conviction relief mo-
ton,petitioner contends there is a similarity in Jackson's and his case
that is ,the initial trial court' <u>conduct prevented</u> the petitioner
that is said court's denial of his motion for the mistrial transcripts
prevented him from "asserting his rights,investigating and bringing his
claims before the court",and the subsequent denials of his continued
motions for the aforementioned mistrial transcripts by the subsequent
judge ,and using the language of the Jackson Court,"an excessively long
delay,"prevented the petitioner from timely filing not only his PCRM's
but moreso,his habeas petition which is an extraordinary circumstance
that "was beyond his control and unavoidable";according to Habeas Cor-
pus Key Note 603,Equ. T.,can be applied when Ex.Cir. work to prevent
the exercise of due diligence by the petitioner from timely filing his
petition. It is clear upon the face of the record that the petitioner
exercised extrem and immense diligence in his efforts to <u>know</u> and <u>learn</u>
of these two aforementioned claims and had it not been for the conduct
of the court (s) petitioner would have raised said claims in his PCRM's.

WHEREFORE,based upon all the aforesaid facts petitioner's §2254
Petition for relief should be granted not only due to the facts based
upon the face of the court record of his due diligence,the requirments
of extraordinary circumstancse and equitable tolling but also pursuant
to Rule 61 (i) (4) that is <u>In the interest of justice</u>,and (i) (5) that is
the bars in paragraphs (1) (2),and (3) are inapplicable, petitioner has
presented a,"Colorable Claim".

GROUND ONE
ATTACHMENT OF DOUBLEJEOPARDY
AFTER MISTRIAL

According to the Double Jeopardy Protection Clause (hereafter DJPC)
attaches "when a jury is empanled and sworn eventhough discharged be-
fore trial". The federal rule concerning attachment when jury is sworn
is binding on the state,see Crist v. Bretz,437 U.S. at 38. DJPC provides
"protection from even the risk of being twice punished for the same of-
fense;see Abney v. U.S.,651,660-62 (1977). In State's Anawering Brief
of August 2007,state claims that,"given that the mistrial was the re-
sult of a joint request ( and that there was prosecutorial responsi-
bility for the shortcoming),there was no double jeopardy bar to a re-
trial". Petitioner contends that the state's aforesaid claim is erro-
neous that is,the mistrial  was a "joint request and there was no pro-
secutorial resposibility";petitioner points to the court record,no-
where on the face of the record is there any fact that the mistrial was
a"joint request";as for there being "no prosecutorial responsibility",
that is fir the loss of state's own evidence (medial report;hereafter
med report) is also erroneous due to the fact that said med report was

in the custody of the Attorney General's Office six months prior to
petitioner's initial trial and was released to said office and/or an
agent thereof by  Custodian of Records for the Christiana Hospital one
Mrs.Wright. Petitioner requests pursuant to the Del. Uniform Rules of
Evidence 201 (b),(d),202 (A) & (B):and Rules 901  (9),(10):also Habeas
Corpus Rules Governing 2254 Rule 5,that is production of the above men-
tioned signed release form from the aforenamed custodian of records at
Christiana Hospital.

Accordingly,"retrial may be permitted on a charge or charges for which
the defendant was convicted not for those he was expressly or impliedly
acquitted at first trial";petitioner wasn't convicted of or on any char-
ge or charges during his first trial,therefore,the mistrial "represented
a resolution in his favor". also according to Abney,supra,i.e.,retrial
after mistrial,"the government may retry an accused under the following:
(1) it may introduce new evidence,and (2) or prosecute under a different

(14)

statute;in petitioner's case neither of the aforesaid reprosecution meth-
ods were implemented,in addition to the aforesaid available  avenues of
Reprosecution to the prosecutor the following were available,the pro-
secutor could have sought a reversal of initial trial court's mistrial.
see United states v. Scott, 437 U.S.82,92,98 S.Ct.2187,57 L.Ed.2d 65
(1978);see U.S. v. Felipe,384 F.3d 49 (3rd Cir.2004). "This Court has
developed a body of laws guarding the seperate but related interest of
a defendant in avoiding multiple prosecutions even where no final de-
termination of guilt or innocence has been made. Such interest may be
involved in two different situations:the first, in which the trial judge
declares a mistrial;the second in which the judge terminates the pro-
ceedings favorable to the defendant on a basis not related to factual
guilt or innocence". It is clear the initial court terminated the pro-
ceedings which "represented a resolution in the defendant's favor",
which in turn protected the " interest of the accused",that is the peti-
tioner's Fifth and Fourteenth Guaranteed Rights.

According to the language in Rivera, supra,"Where a mistrial dismissal
is granted on the grounds,correct or not, that the defendant simply can-
not be of the offeses charge,further prosecution is barred by the DJPC.
In addition to the aforesaid protection (s), the DJPC also protects the
accused not only against the agony and risk attendant upon under going
more than one criminal trial for any single offense,it enhances the risk
that an innocent defendant may be convicted.See United States v.Wilson,
420 U.S. 332,95 S.Ct.1013,43 L.Ed.2d.232 (1975). The petitioner con-
tends that the deliberate disregard by the prosecutor of initial trial
court's orders especially"to reindict the accused".enhanced the risk that
an innocent defendant (petitioner) may (was) convicted;this disregard
of said order violated Super. Ct.Crim.R.P.Rule 48 (a)"Dismissal",that is
the prosecutor was to have dismissed its first indictment and resubmit-
ted and/or requested a second indictment of/from The Grand Jury,or a Bill
of Particulars;nowhere in or on the face of the record does it show the
prosecutor resubmitted or requested the aforementioned document of/from
The Grand Jury;see exhibt**S B-5-1, items 12+13, pages #3 +4.**

(15)

Wherefore,and based upon the total disregard by the prosecutor of the initial trial court's aforementioned orders especially to reindict, the prosecutor not only violated Super.Ct.Crim.R.P.,of reprosecution After a Mistrial which federal rules are binding upon the state but also violated petitioner' DOUBLE JEOPARDY PROTECTION  GUARANTEES. Petitioner requests pursuant to the Delaware Uniform Rules of Evidence,Judicial Notice pursuant to rules 201 (b),(d),202 (A), (B),and Rules 901 (9),and 902 (4);also pursuant to Habeas Corpus Rules Governing §2254 Rule 5,that this Honorable Court order production of Initial Trial Court's Orders to the prosecution upon granting the mistrial that is: (1) recover the missing medical report. (2) present it to this court;and (3) and reindict the accused should he be retried;also the production of initial trial court's reason for granting the mistrial. the petitioner contends that the aforementioned violations by and of the prosecutor demonstrates  "CAUSE"for releief from being time barred also said violations demonstrates that petitioner was "PREJUDICED".

---

[FOOT NOTE] See exhibit   Order for mistrial.

Petitioner also includes Del. Uniform Rules of Evidence 902 (4) in his aformentioned request of page #14.

GROUND TWO
THE SECOND TRIAL COURT LACKED JURISDICTION TO PROCEED WITH
WITH THE DEFENDANT'S SECONF TRIAL

The petitioner contends the second trial court lacked jurisdiction to
retry him this lack of jurisdictin negated the aforesaid court's power
to decide or issue a decree (sentence and/or convict) him,but even
more so to allow his second trial to commence due to the fact petitioner
hadn't been reindicted as initial trial court had ordered. At petitioner's
second trial,second trial court made no inquiry if prosecutor had re-
indicted petitioner or resubmitted its request to the Grand Jury for
a new indictment this egreious failure by the second trial court vio-
lated court procedures and U.S.Constitution and Delaware Statutes .

In accordence and pursuant to the U.S.Constitution,Delaware Statutes,
American Jurisprudence 41,2d§13,page 654.Effect of lack of indictment:
"In the absence of the defendant's permissable waiver of an indict-
ment,the lack of a constitutionnal requied indictment is a jurisdic-
tional defect"."If there is no indictment for the offense,any con-
viction for the offense is void or must be overturned".

In the State's Answering Brief of August 2007,claims that,"Grayson's
argument that his retrial was barred because no superseding indict-
ment was obtained,as Superior Court said in its lastest decision,
"Meritless", therebeing no defectin the indectment;state's claim is
erroneous due to the clear language in and of the American Juris-
prudence,Sufficiency of Indictment:"Moreover,the prosecuting attorney
may not amend the indictment prior to trial without submitting it to
the Grand Jury Again the petitioner contends that it's very clear on
the face of the court's record the prosector didn't resubmit or sub-
mit its original and/or new indictment or request a new Bill of Par-
ticulars to the Grand Jury for the reprosecution of the petitioner.
Petitioner cites American Juriprudence 2d.,page758,§12 Effect of lack
of indictment;quoting,Smith v.U.S.360 U.S. 1,79 S.Ct. 991,3 L.Ed.2d
1041 (1959);U.S. v. Wessels,139 F.R.D. 607 (M.D.Pa.1991)."IF there
is no indictment,information,or changing document for an offense,any

conviction for the offense is void or must be overturned. (Wright v.
U.S.,564 A.2d 734 D.C.1989).
According to the holdings of the Wessels Courtand pursuant to Indict-
ment and Information Key Note 3,"Unless there is a valid wavier,lack of
indictment in a felony case is defect going to jurisdiction"F.R.Crim.
P.Rule 7 ,7 (a),(b),18 U.S.C.A. Accordingly, rule 7:"Court has power to
amend indictment as a matter of form, but not as a matter of substance".
The rule is designed to afford the accused two protections: (1) Notice
of the charges against him so that he has the opportunity to prepare
an adequate defense,and (2) prevent from twice being placed in jeopardy
for the same offense. Keller v. State425 A.2d 152 (DEL.1981). In accor-
dence with American Jurisprudence 2d §5 Purpose of Charging Instrument,
West Key Numbers Digest,Indictment and INformation not only states the
aforementioned,but further states"The charging instrument describes the
with a specificity sufficient to enable the defendant to plead double
jeopardy if he or she is again brought to trial for the same offense.

Byrd v. U.S.,579 A.2d 725 (D.C.1970).


The petitioner contends he was n't affored either of the aforesaid pro-
tections and due to not being afford these protections his Fifth and
Fourteenth Constitutional Guarantees were violated and he was placed in
jeopardy for the same offense,petitioner further contends that at no
time did he waive his right to be retried by indictment in "open court"
this is found nowhere upon the face of the court record,see exhibit B-5-2
at item #13.According to the language of Coffield v. State, "State con-
stitutione enshrines the common law rights that prevents the state from
proceeding with a felony prosecution without an indictment by the Grand
Jury. Del. C.Ann.Const.Art.§8 . Under constitution provisions prohibiting
criminal prosecutionby information ..."all crimes are indictable offenses".
Del. C. Const.1897,art.1 §8.See State v. Cloud,159 A.2d 588,52 Del.439,
2 Story 439. Pursuant to the Fifth Amendment of the U.S. Constitution
and Article I,Section 8 of Del. Constitution; Fifth amendment provides
that "[N]o person shall be held to answer for ... [an] infomous crime,

(18)

i

unless on a presentment or indictment of a Grand Jury ..."It has been
firmly established that "all crimes in Delaware are indictable offenses
in the sense that if prosecution is commenced in the Superior Court there
must first be a presentment to the Grand Jury". State v. Cloud,Del.Supr.,
159 A.2d 588 (1960).Judge Terry learned that: "To the subjected to trial
by the delaware Court for an indictable offense,the right to Grand Jury
presentment is enshrined in the Constitution (Art.1,sec.8)and the power
and attributes of the Grand Jury are as they were at common law". In re
Jessup's Petition,Del.Super.,136 A.2d 207 (1957).

The petitioner contends that the state was prohibited from prosecuting
due to state's failure to bring a formal accusation in the form prescr-
ibed by the Constitution,and absent of a valid wavier in writing or in
open court the petitioner's second trial court ,"had no jurisdiction
over his case";see Harris v. State,Del.Super.82 A.2d 387 (1951).In fur-
ther accordance with American Jurisprudence Statutes to lacK of jurisdic-
tionto proceed with petitioner's second trial he cities the language and
holding of the following Courts upon the aforesaid issue (s) of LACK OF
JURISDICTION: Exparte Lang,18 Wall,163;Exparte Parks,93 U.S.18;Exparte
Wilson,114 U.S.418,5 Sup.Ct.Rep.935,and other cases,Mack v. U.S.,117 U.S.
348,6 Sup.Ct.Rep.777."it is of no avail,under such circumstances,to say
that the court still has jurisdiction of the person,and would have juris-
diction of the person, and of the crime,for,though it has possession of
the person,and and would have jurisdiction of the crime,if it were pro-
perly presented by indictment,the jurisdiction of the offense is gone
and the court has no right to proceed any further in the process of the
case for want of an indictment. The power of the court to proceed to try
the prisoner is as much arrested as if the indictment had been dismissed
or a nolle prosequi had been entered". Citing Corpus Juris Secundum 42
Indictment and Information §1 General. "There can be no valid arrigment,
trial,conviction,or punishment for a crime without a formal and suffi-
cient accusation". "The indictment or information filed by the prosecution
is the jurisdictional instrument upon which a defendant stands trial. In
absence of a formal accusation the court acquires no jurisdiction whatever,

<u>and if it assumes jurisdiction,a trial and conviction are a nullity</u>".

Under the same General Scope pursuant to Constitution and Statutory Pro-
visions: Where a formal accuastion,or accusation in a particular mode or
form, is required by constitution or statutory provision,or by both, these
provisions must be followed. The <u>Sixth Amendment Right of an accused to
be informed in all criminal prosecutions of the nature and coures of the
accusation is applicable to state prosecutions</u>. Consent,wavier,estoppel,
or failure to object.The absence of a formal accusation or an accusationS
in the form prescribed (indictment) by the constitution or statute cannot
be cured,so as to confer jurisdiction and validate a conviction,by consent,
wavier,or estoppel on the part of the accused,or by stipulation on the
part of counsel. Furthermore,where there is no valid and sufficient accu-
astion,there can be no valid conviction even though no objection is lodged.

   Wherefore,based upon all the aforementioned facts,case laws,Ameri-
can Jurisprudence Statutes;Super. Ct. Crim.R.P.;and upon the face of the
record the Second Trial Court and Prosecutor knowing ly violated petiti-
oner's Fifth, Sixth,and Fourteenth Constitutional Guarantees and in so
doing Prejudiced his defense;therefore,pursuant to SUPER.CT. CRIM.R.P.,
Rules 61 (i) (4) that in the Interest of Justice his claims warrant re-
consideration and to be revisited and viewed based upon the MERITS,and
pursuant to Super.Ct. Crim. R.P. Rules 61 (i) (5),that paragraphs (1),
(2), and (3) are inapplicable due to a miscarriage of justice that under-
mined the fundimental legality,reliability,integrity or fairness  of the
proceedings leading to the judgment of conviction;petitioner asserts that
he has made aCOLORABLECLAIM pursuant to the above Court Rules of procedure.
Petitioner also cites §2254 (b) (ii) circumstances exist that render such
process ineffective to protect the righte of the applicant.

GROUND THREE
CONVICTION OBTAINED UNCONSTITUTIONALLY
PROSECUTOR VIOLATED PETITIONER'S FIFTH AND FOURTEENTH
AMENDMENT OF DUE PROCESS, i.e., ABSENCES OF MEDICAL REPORT

The petitioner assertively contends that the claim of the court of re-
view's decision of December of 1992,"Defendant failed to sustain his
burden under first two prongs of balancing test". Baily 521 A.2d at 1092
errneous,petitioner further contends that his ability to sustain his
under the Baily two prong test were and remain extraordinarily difficult
and/or impossible due to the loss and/or destruction of prosecutor's
medical report (hereafter med report),this loss and /or destruction of
exculpatory,materially favorable evidence impeded the petitioner's a-
bility to sustain his burden under the Baily balancing test. Citing
the language in Hillard v. Spalding,719 F.2d1443 (9th Cir.1986):(govern-
ment lost sperm sample taken from rape victim,defendant was deprived
of opportunity to test sperm and strong possibilitythat sperm was excul-
patory). Citing court's language in U.S. v. Leisure,844 F.2d1347,1360,
61 (9th Cir.) "Prosecutor and/or its agents loss or destruction of all
materally favorable evidence to the accused is a violation of due pro-
cess. The mere loss or destruction of all materially favorable evidence
to the accused is evidence in itself an act of BAD FAITH destruction
and loss". Due to the loss and/or destruction of prosecutor's med re-
port wasn't only an act of bad faith it impeded petitioner's ability
to sustain his burden of the two prong test in Baily. According to Lei-
sure,supra,"When evidence is lost and/or destoryed there is no way for
the defendant to ascertain the extent of its exculpatory nature."

It is clear from this loss and /or destruction of the med report that
there was no way for this petitioner to sustain his burden under Baily's
two prong balacing test. Citing DeBerry v. State,457 A.2d 744 ( Del.
Supr. Ct. 1983), " State's duty to disclose and preserve evidence it is
well rooted in due process provision of Federal and State Constitution,
U.S.C.A. CONST.AMEND.14; Del.Lawery's Rules of Professional Conduct."
Due to the aforesaid loss of the med report which may have been favor-
abley material (exculpatory) evidence,this petitioner was denied,"a
meaningful oppertunity to defend himself;see Hovey v. Elliott,167 U.S.
409.

406,416-420,17 S.CT.841,844-846,42 L.Ed.215.Cf.Boddie v. Connecticut,401
U.S.371,377-379,91 S.CT.780,785-787,28 L.Ed.2d 113.

Petitioner contends that the aforementioned court of revieww's decision
citing Stylerv. State,Del. Supr. 417 A.2d 948,950 (1980),that the victim's
testimony was corrobrated by sevreal other witnesses circumstancial tes-
timonies was sufficient to sustain the conviction was erroneous. Petiti-
oner cites the language in Bradford v. U.S., 413 F.2d 467 (5th Cir.1969).
It was necessary if [the defendant] was to combat the evidence, he have
the assistance of other hand writing and finger print experts", this por-
tion of the aforecited case is similar in nature to petitioner's case,
i.e., in order for petitioner to combat the victim's and other witnesses
testimonies that petitioner have the assistance of the prosecutor's med
report,the med report would have assisted petitioner to also impeach the
testimony of state's expert witness. Due to the loss and/or destruction
of prosecutor's med report petitioner's Fifth and Fourteenth Amendment
Guarantees of Due Process were and remain violated;see Bagley, 473 U.S.
at 682 (Plurality Opinion);see id.at 685 (Whit,J.concurring in judgment).
Compared  Virgin Island v. Martinz,780 F.2d 302,306 (3rd Cir.1985).
According to the holdings of the DeBerry Court,"When claims thet poten-
tially exculpatory was lost and/destroyed by the State requires examin-
ation. . .,if extant in possession of State at the time of defendant's
request. . . under cirminal discovery or Brady. In petitioner's second
trial the second trial court made no such examination.

According to Brady v. Maryland,373 u.s. 83,83 S.Ct. 1194,10 L.Ed.2d 215
(1963). The precepts of Brady  are premised . . . basics of constitutional
guarantees to a person accused of a crime "aright to due process of the ˉ
and a fair trial. Simply put the government is not entiled to send a per-
son to prison while it conceals from him favorable evidence that would
tend to reasonably call into question his guilt and/or innocence. See
Slutzer-v. Johnson,393 F.3d 373 (3rd Cir.2004) U.S.C.A. Const.Amend 14.
The merits of a Brady Claim clearly established that "the supression by
the prosecutor of evidence favorable to an accused upon request violates
due process where the evidence is material to guilt,innocence and./or

(22)

punishment, Brady, supra, .(Seealso Simmons v. Beard,356 F.Supp.2d 548
(W.D.Pa 2005). (1) non discovery of favorable evidence that could have
been used to substantially impeach the testimony of the most pivotal
prosecution witness was material for Brady propose. Impeachment evidence
squarely falls within the category of evidence that must be disclosed
under Brady because  jury's estimate of the truthfulness and reliabil-
ity of a given witness will be determinative of guilt and/or innocence.
U.S.C.A.Const.Amend.14. (See Smith v. Phillips,455 U.S. 209,220 n.10
(1982). The petitioner further contends he was and remains deprived of
evidence he was entitled to pursuant to Super. Ct. Crim. R.P. Rule 61
(b) and Brady,he further contends that the court that reviewed his mo-
tion for JUDGMENT OF EVIDENTURY HEARING / NEW TRIAL that is its claim
that "Any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt" is erroneous due to the fact that
the one page of its med report was nothing more than a lab report that is
the victim had been tested during her examination for gonorrhea,it's
very clear that no "rational trier of fact could have found the essen-
tial elements of the crime beyond a reasonable doubt" based upon the a-
foresaid test. The probative value and reliability of prosecutor's secon-
dary or substitute evidence also lacked the "essential elements of the
crime  beyond a reasonable doubt ".

Citing Thompson v. Louisville,362 U.S. 199,80S.Ct.624,4 L.Ed. 2d 654,
"no evidence" a case that a conviction based upon a record wholly devoid
of any relevant evidence of a crucial element of the offense charged is
constitutionally infirm. Petitioner contends that according to Del.
Code Annotated §301 (a) &(b),Proof Beyound Reasonable Doubt,the prosecu-
tor failed to "prove the existence of each element of the offense",and
that the prosecutor violated  subsection (b) of this statute when it
failed to"prove each element of the offense beyond a reasonable doubt",
these failures of the aforesaid statutes  not only violate said sta-
tutes but petitioner's State and Federal Constitutional Rights of Due
Process. The petitioner has mentioned prosecutor's loss and/or destru-
tion of materially favorable exculpatory evidence in the form of pro-

(23)

sector's med report petitioner has cited the Brady Precepts and Rule 16 (b) and citing the "Nondiscloser" requirement,he also contends that the prosecutor lost and/or destroyed more materially favorable exculpatory evidence in the form of clothing the victim was allegedly "forced to wear during the alleged sexual encounteryvictim stated in open court that she was forced to wear her mother's negligee she also stated this to one Detective Nancy spell during initial questioning of the victim who stated and/or testified that petitioner ejaculated inside her while wearing the aforesaid clothing and when she stood up the semen ran down her leg. Petitioner contends that not only would semen been found on said article of clothing when victim stood up but said same would have found due to petitioner ejaculating while victim was wearing said article of clothing during the alleged sexual encounter. Had not this article of clothing not been lost and/or destroyed it would of been tested for blood and/or semen stains and had the aforesaid stains been found then and only then would a "rational trier of fact have found the essential elements of the crime beyond a reasonable doubt",and the prosecutor obligations pursuant to Del. Code Annotated §301 (a) & (b) would have been adhered to . Comparing petitioner's case to DeBerry there's a simularity (s) that is the only so called evidence linking petitioner to the alleged crime was the victim's account of what allegedly occurred, no physical evidence was produced nor any medical evidence.

According to Super. Ct. Crim. R.P. Rule 16 (b), Del. Const. Ann."State bears heavy burden of over coming defendant's claim of prejudice and haphazard explation of loss is insufficient",also,"Failure of State to produce defendnat's (victim's negligee) clothes or to conduct scientific tests permitted inference . . obtained from such items would have been favorable to defendant (petitioner). 11 Del. C. §764,783 A2d 1447. Had not the prosecutor lost and/or destroyed the negligee and performed testing of a scientific nature the result (s) would have been in the petitioner' favor proving him innocent;therefore, the loss and/or destruction of not only prosecutor's med report but the aforementioned articles of clothing the petitioner can and does infer both the aforesaid items of evidence were materially favorable exculpatory to his de-

fense and due to said loss,etc.,he is,was ,and remains prejudiced by and fromthe prosecutor's mishandling of what Brady and Agurs states as Discoverable in aRape Conviction. This loss of prosecutor's evidence has deprived petitioner of his Constituionalﾃy Protected Right of Due Process and to "Put the prosecutor's case to the ⨍Adversarial Test". Quoting the holdings of the federalcourts "the federal courts have said " when a jury occasionally convicts even when it can be said that no rationa trier of fact could find the accused guilty beyond a reasonable doubt and in a federal trial such an occurrence has  traditionally has been deemed to require reversal of the conviction". Comparing the above to Winship,397 U.S. 358,364 (1970) "established proof beyond a reasonable doubt as an essential of the fourteenth Amendment Due Process,it follows that when such a conviction occurs in a state trial,it cannot constitutionally stand". Petitioner assertively contends that his case is very similar to not only    both aforementioned cases and the holdings of Thompson,Winship,and Boddie but formost pursuant to Super. Ct. Crim.R.P. Rules 61(i) (4) that reconsideration is warranted in the interest of justice,and 61 (i) (5) that the bars to relieﾄin:paragraphs (1),(2),and (3) shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundimental legality,reliability,integrity or fairness of the proceedings leading to the _judgment of conviction.

(25)

GROUND   FOUR
INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner asserts the following:

(1)on page 14 of his MIS,at line 16,he has given the name of his
initial retained counsel one Craige A. Karsnitz (hereafter 1st counsel)
who suddenly couldn't could no longer represent petitioner after being
retained and initiating his pretrial investigation which included the
interview and questioning of victim,her two brothers and their mother,
who was the wife of petitioner,1st counsel also received the handwrit-
tén letter from one Miss Phillys Jackson a reletive of the victim and
her mother. Approximately four months prior to petitioner's first trial
1st counsel informed petitioner and his sister Miss Stephanie L.Grayson
that he'd not be able to further represent petitioner and referred peti-
itioner to Eugene J. Maurer,Jr.(hereafter 2nd Counsel),who sometime a-
round April of 1985 was retained to represent petitioner.

(2) In April of 1985,petitioner and his aforementioned sister met
2nd counsel at his office who'd received  all 1st counsel's pretrial
investigative notes including Miss Jackson's (hereafter Jackson) letter.
During this meeting petitioner explained what happened on the dayin ques-
tion after which 2nd counsel stated he'd      contact Jackson,interview
her,and arrange for her to appear in court to testify on behalf of peti-
tioner,2nd counsel also promised to present Jackson's letter during the
trial that is the content  which stated that,"The victim Michelle A. Lyle
(hereafter victim) had been abused continuously by victim's own mother
Maxine M. Grayson (hereafter Maxine) for years,and prior to petitioner
meeting and marrying Maxine. Jackson's letter went on to state that the
victim was an habitual and pathological liar., Jackson's letter went on
to further to state that,Jackson had witnessed Maxine physically abuse
the victim that is inflicting harsh beatings  on the victim for little
or no reason and that Maxine would make victim sit in a dark bathroom
òn a potty chair for hours at the time for and when the victim soild
her underpants;Jackson's letter also stated that Maxine had sexually

(26)

molested Jackson when she was a child.

(3) At the meeting with 2nd counsel petitioner stated that at the suggestion of victim's first grade teacher victim was taken to A.I. du-Pont Hospital victim was given some type of mental evaluation examination this information was given/stated to 2nd counsel at one of the only two office meetings said counsel afforded petitioner,both meetings were in the presence of petitioner's sister Stephaine L. Grayson (hereafter Stephaine or sister),2nd counsel promised to subpoena the/these aforesaid records of the victim's aforesaid examination of A.I. du Pont Hospital (hereafter A.I.);inaddition to obtaining said records,2nd counsel promised to secure a Psychiatrist and have this expert review the aforesaid record of the victim and appear in court and testify to what said record revealed. According to the language in Strickland v. Washington,

Head Note 19,at 678 Crim.Law §46.4."Inguiring into the criminal defense counsel's conversation with the defendant may be critial. . . of counsel's investigation decisions,etc,etc,etc." Petitioner asserts the information given to 2nd counsel and had counsel made a "reasonable effort to attempt to follow through and continue 1st counsel's pretrial investigation said investigation wouldn't have been "fruitless nor harmful";therefore,but for 2nd counsel's unprofessional errors and omissions that is his decision not to invistigate all the aforesaid facts petitioner had told him resulted in petitioner's Sixth Amendment Right to the Compulsory Process for obtaining witnesses in his favor and to have the Assistance of Counsel; which includes the aforementioned records of the victim from A.I. In addition to the violation of petitioner's Sixth Amendment,2nd counsel also violated petitioner's Fifth Amendment Right to/of Due Process,petitioner directs the Court to exhibit-**D**,the affidavit of his sister.

(4) Citing the language in House v. Balkom,725 F.2d 608 (11th Cir. 1984), "Pretrial investigation provides the basic foundation on which most defenses rest and is a critical stage of the lawery's performance", see also Holliness v. Estelle,569 F. Supp. 146 (W.D.tx 1983)," Counsel's failure to conduct pretrial investigation and interview witnesses constitutes ineffective assistance of counsel (hereafter IAC)";see also

(27)

U.S. v.Gray,878 F.2d 702 (3rd Cir. 1989), " Counsel . . . whose names had been provided to counsel by the defendant, amounts to ineffective assistance of counsel". Petitioner asserts that along with 1st counsel's pretrial investigative notes and petitioner providing 2nd counsel with not only Jackson's name and address but also providing him with cru-cial information of certain records existing at A.I. Petitioner contends that 2nd counsel made no reasonable effort to attempt to investigate the information provided by petitioner and/or 1st counsel's pretrial notes that were in 2nd counsel's possession,had 2nd counsel made the afore-said effort and attempt to follow through with 1st counsel's pretrial in-vestigation his efforts would possibly retrieved significant evidence that would have caused the outcome of the proceedings to have been different. Citing the language in Brewer v. Aiken, 935 F. 2d 850 (7th Cir. 1991). "Counsel's failure investigate into defendant's mental and family history constitutes ineffective assistance of counsel",petitioner contends this same error and omission by and from 2nd counsel that is failure to in-vestigate the victim's mental and family history is an act of IAC. In accordance to Strickland, supra," If there is more than one plausiable line of defense, the court held,counsel should ideally investigate each line substantially before making a strategic choice about which line to rely on at trial.If counsel conducts such a substantial investigation, the strategic choice made as a result "will suldom if ever be found wan-ting;it is clear from the outcome of the proceedings that 2nd counsel didn't ideally investigate each line substantially before he made his strategic choice,and had he'd did so the outcome of the proceedings would have been different.

Petitioner contends that 2nd counsel's performance  and representation was immensely deficient that it fell below an objective standard of rea-sonableness when counselfailed to conduct a "reasonable substantial" in-vestigation into more than one plausiable line of defense these errors and omissions by 2nd counsel not only violated petitioner's fifth and Sixth Amendment Rights but also prejudiced his defense;his deficient cho-ice of strategy clearly demonstrates counsel's conduct and representa-tion fell below an objective standard of reasonableness which was an act

in itself of IAC.

(5) Petitioner assertively contends that 2nd counsel's errors and omissions in failing to not only obtain the OB/GYN and arrange for his or her appearance at trial and testify on behalf of petitioner as promised was a further violation of petitioner's Fifth,Sixth,and Fourteenth Amendments. At initial meeting with 2nd counsel discussed obtaining the above mentioned medical expert prior to petitioner's initial trial which ended in a mistrial due to loss and/or destruction of what can be inferred to as "favorable materially exculpatory"evidence the prosecutor had in its custody for six months prior to petitioner's initial trial that is the two stapled pages of prosecutor's medical expert's med report which consisted of two stapled pages that is,one page contained anatomical diagrams of the female anatomy including the vaginal area ,the second page contained additional notes which state's expert stated in open court detailed specific damage to certain areas of the victim's vagina,in addition to state's expert's testimony to the aforesaid when cross examined by defense counsel state's expert couldn't recall exactly what his additional notes specifically said nor could state's expert demonstrate by and/or from conclusive medical evidence that the damage to victim's hyman was consistant with the act of rape.

(6) Petitioner contends that the probative value and reliability of the prosecutor's secondary or substitute evidence that remained available and the sufficieny of its other evidence,failed,petitioner cites Thompson v. Louisville,362 U.S. 199,80 S. Ct. 624, 4 L. Ed. 2d 654, "no evidence" a case that a conviction based upon a record wholly devoid of any relevant evidence of a crucial element of the offense charged is constitutionally infirm.Petitioner contends that,but for 2nd counsel's errors and omissions and his strategic choice not to afford petitioner the OB/GYN as promised further violated his Sixth Amendment,e.g.,state's expert as aforementioned testified that the damage to victim's hyman was consistant with rape whereas,had 2nd counsel obtained and arranged for defenses expert witness to appear at trial and give his or her expert testimony as to what's consistant in causing the type damage to the vic-

(29)

tim's hyman as claimed by state's expert the expert for the defense
would have educated the jury and court that state's expert relied upon
a theroy and not conclusive substantial evidence due to the loss of state's
med report. Had 2nd counsel afforded petitioner his expert,he or she could
have suggested to the jury that in his or her years of experience in rape
cases and examining the victims he or she has,in addition to performing
routine exams and tests he or she has also performed what is called a
"Clock Test". This test when performed correctly that is its findings
are more definitive and conclusive that is this test reveals the exact
amont of force it takes to inflict the damage state's expert claims would
cause damage to the victim's hyman. But for 2nd counsel's errors ,omis-
sions and deficient strategic choices not to afford petitioner his Sixth
Amendment Right petitioner's defense was and remain s prejudiced,e.g.,
when 2nd counsel cross examined state's expert said counsel asked,Could
similar damage to victim's hyman be caused by anything other than sexual
penetration"? State's expert replied ,"Yes,anything an inch in length",
but for 2nd counsel's errors,omissions,and his deficient strategic choice
of not affording petitioner his own expert,the question pertaining to
an object an inch in lenght could have included ,"Afinger",that is master-
bation. During the cross of state's expert,petitioner requested his coun-
sel to ask the aforesaid question of state's expert,counsel ademantly re-
fused,had counsel asked said question petitioner had requested him to ask
or had counsel afforded the expert he'd promised this expert would have
elaborated upon the fact that the victim's finger was approximately an
inch in lenght and she was at the age where self exploration of her body
is/was acommon factor which includes masterbation.

Citing Delaware v. Fensterer,106 S. Ct. 292 (1985),at 294,"Court  has re-
cognized that the cross-examiner is not only permitted to delve into the
witnesses story to test wittness's perception and memory,but [also]. . .
allow to impeach and discredit the witness",,see at 295 of above  case.
Had 2nd counsel afforded petitioner the expert he'd promised petitioner's
expert would have impeached and discredited state's expert's testimony
that the damage to victim's hyman was consistant with sexual penetration
and/or intercourse but instead was caused by and from victim masterbating.

?et. (7) Petitioner contends that had 2nd counsel afforded the OB/GYN
he'd promised and this experttestified to the aforementioned facts his
testimony would have placed reasonable doubt in the minds of the jury ,
but for 2nd counsel's errors,omissions,and deficient strategic choice
the outcome of the peoceedings would have been different. Petitioner
contends that 2nd counsel's performance and repersentation was so de-
ficient that it fell belo∞ an objective standard of reasonableness when
counsel failed to use more than one " plausable line of defense" not
only when questioning state's expert but also upon direct examination of
defense expert had one been afforded for petitioner,this questioning of
defense expert would have been able to suggest to the jury that the ex-
pert for the state relied upon a theroy and not substantial evidence
and that due state's expert loss of the med report state's expert had
no recollection to what his additional notes said and that state's ex-
pert's theroy was baseless,and being such ;defendant's expert's testi-
mony would have placed reasonable doubt in the minds of the jury cause
the outcome of the proceeding to have been different. Petitioner reit-
erates the holding of Jasin,supra,215 F.Supp.2d at582 citing Strick-
land,supra at 694,104 S.Ct. 2052,and Gray,supra (3rd Cir.1989). That
his 2nd counsel's performance/representation was so deficient that it
fell below an objective standard of reasonableness when counswl failed
to afford petitioner his Fifth, Sixth,and Fourteenth Amendment Guaran-
tees.

(8) As of September 16,1985,petitioner was found guilty,2nd counsel
promised to file an appeal,after waiting over ninty days and numeruos
phone and personal visits to 2nd counsel's office from petitioner's sis-
ter and his late mother petitioner tried to contact counsel via letter
but to no avail this prompted petitoner to write the News Journal about
consel's deficient repersentation,the reporters who read his letter sent
his letter to 2nd counsel who then filed a motion to withdraw as counsel,
see exhibit·**C**,along with affidavit of sister;exhibit·**D**;also petitioners
letter to News Journal, exhibit·**E**,pages1,2,3,4;and 5.

(31)

(9) In accordance to the holdings of the Strickland Court,"Sixth
Amendment right  to effective assistance of counsel, and the benchmark
. . . must be whether counsel's conduct so undermined . . . that the
trial could not be relied on as having produced a just result." Peti-
tioner contends the undermining factors of 2nd counsel's conduct was his
failures to object to  2nd trial court's failure to halt petitioner's
second trial due to prosecutor's failure to recover its missing med re-
port as initial trial court had ordered upon granting the mistrial.
second counsel also failed to object to prosecutor's failure to rein-
dict petitioner as initial trial court had ordered ,in addition to these
failures by 2nd counsel the fact that he failed to request that the
charges against petitioner be totally dismissed demonstrates that 2nd
counse's representation through the second trial was ineffective and his
performance was deficient to the point "that it fell below an objective

standard of reasonableness",especially when 2nd counsel failed to object
to second trial court's lack of jurisdiction to retry petitioner "in
want of a proper indictment". Petitioner has demonstrated the component (s)
of "Cause" in paragraphs 1-8,i.e., quoting Strickland,"to set aside the
conviction or reverse death sentence ",i.e.,"that counsel's performance
was deficient that counsel was not functioning as the counsel guaran-
teed the defendant by the Sixth Amendment and that counsel's represen-
tation fell below an objective standard of reasonableness".Petitioner
contends,that but for 2nd counsel's unprofessional errors and omissions,
the result of the proceedings of the outcome would have been different,
i.e., the petitioner would have been found not guilty.

CONCLUSION

WHEREFORE,the Petitioner assertively contendsthat his second trial of September 16,1985,was infected with the aforementioned Constitutions violations by and from not only the Second Trial Court,but the Prosecutor, as well,both swore to not only up hold the law but to also protect the petitioner's Constitutional Guarantees that is his Fifth,Sixth,andFourteenth Amendments,in addition to the aforesaid the prosecutor swore not only to be an Adversary ;but moreso,a Minster of Justice whose duty and obligation it was to insure that justice was served. Along with the aforesaid duties and sworn obligations,the counsel for the petitioner was bound to afford his client the opportunity to put the prosecution's case to an Adversarial Test which through and from 2nd counsel's unprofessional errors,egregous omissions,and a representation that was so deficient that it fell below an objective standard of reasonableness that the results of the proceedings would have been different the petitioner's second trial was not Fair and Impartial.

Due to all the aforesaid Constitutional violations by and from all the aforenamed Officers of the Court petitioner's defense was and remains prejudiced. Petitioner assertively contends that,although the prosecutor has claimed petitioner is time-barred and that petitioner's claims have no merit the prosecutor on the face of the Court's record hasn't been able to refute petitioner's claims that the Intial Trial Court ordered prosecutor to (1) Recover the missing medical report. (2) Upon recovery present said report to initial trial court,and (3) Should petitioner

be retried,he be reindicted,with one centiliter ofproof that the initial trial court didn't give these orders upon granting the mistrial.It is immensely clear that,neither the inferior and/or supreme state courts reviewed the merits of petitioner's claims based upon the Colorable and significance of all his claims pursuant to both court's binding criminal rules of procedures that is Rule 61 (i) (2)"Consideration of the claim is warranted in the interest of justice";the same applies to 61(i) (3),

(A) &(B),(i) (4);and (i) (5). It is tremendously clear upon the face of
the court's own record the second trial court lacked jurisdiction when
the prosecutor failed to reindict the petitioner.As previously mentioned
that is that the prosecutor hasn't been able to refute petitioner's
claim (s) that is  initial trial court's orders,therefore, petitioner
presents his affidavit pursuant to Title 11 §4504 (a) (4),see exhibit
and exhibit-F,pertaining to orders of initial trial court. Due to all the
aforecited facts and claims herein the petitioner's habeas petition must
in the interest of justice  reviewed based upon their merits and  the
relief sought be granted.

Dated: 8 - 11 - 08

Respectfully Submitted

Willis L.Grayson,Jr.

D.C.C 1181 PADDOCK ROAD
SMYRNA,De 19977

## RELIEF SOUGHT

THE PETITIONER,in the above petition before this Honorable Court request the following relief:

(1)Relief pursuant to 28 U.S.C.A. §2254 (A) (ii) & (B),and (f).

(2) That his sentence and conviction be vacated and remanded for further proceedings.

(3) Order Evidenturay Hearing.

(4)Appointment of Counsel.

(5) Any and all other relief this Honorable Court deems appropriate.

Respectfully Submitted

Dated: _8 - 11 - 08_

Willis L. GPayson, Jr.

D.C.C. 1181 PADDOCK ROAD
SMYRNA, De 19977

(35)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIS L.GRAYSON.Jr. ,                    ) NO.
                                          )
     PETITIONER.                          )
          V.                              )
                                          )
                                          )
WARDEN PERRY PHELPS,                      )
                                          )
     RESPONDENT                           )
                                          )
                                          )

APPENDIX TO PETITIONER"S HABEAS PETITION

WILLIS L  GRAYSON,Jr.

D.C.C. 1181 PADDOCK ROAD

SMYRNA,De 19977

## PROCEDURAL HISTORY

Defendant Willis Grayson's first trial ended in a mistrial on July 1, 1985, due to the absence of a certain medical record. Defendant was retried and was found guilty of two counts of second degree rape on September 16, 1985. On March 7, 1986, defendant was sentenced to thirty years on each count, sentences to run consecutively.

On March 21, 1986, defendant appealed his convictions to the Delaware Supreme Court. That court denied his appeal by opinion dated April 10, 1987. *Willis L. Grayson, Jr. v. State of Delaware*, Del. Supr., No. 72, 1986, Horsey, J. (Apr. 10, 1987).

After a review of the Prothonotary's file the Court has determined that on June 28, 1989, defendant filed a request for a transcript of the trial proceedings, and on July 11, 1989, he filed a "Motion for Judgment of Evidentuary [sic] Hearing New Trial." For some reason those papers were not properly docketed in the Prothonotary's office and no response appears to have been sent to Grayson.

The next recorded activity on defendant's file occurred on June 26, 1992, when a Rule 61 motion for postconviction relief was received by the Prothonotary. Under normal circumstances, a Rule 61 motion filed more than three years after the judgement of conviction became final is barred by the applicable statute of limitations. Superior Court Criminal Rule 61(i)(1). However, the Court has determined that defendant's July 11, 1989, filing served to toll the limitations period. The Court is therefore considering defendant's papers at this time, based on the July 11, 1989, filing date. A copy of the transcript of the September 1985 trial

$$\mathcal{E}_{\chi}\mathscr{h}\,\mathord{:}\,\mathord{6}\mathord{:}\mathord{f}-1$$

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    1
                      ( as of  07/28/2008 )

State of Delaware v.  WILLIS L GRAYSON                      DOB: 09/22/1949
State's Atty: JAMES J KRINER , Esq.       AKA: WILLIS GRAYSON
Defense Atty: EUGENE J MAURER , Esq.           WILLIS GRAYSON
              DEFENDER PUBLIC , ESQ.


Assigned Judge: POPPITI VINCENT J.

Charges:
Count     DUC#        Crim.Action#    Description      Dispo.    Dispo. Date
---------------------------------------------------------------------------
 001    30500267DI    IN85010825R3    RAPE 2ND         GLTY      09/16/1985
 002    30500267DI    IN85031524R3    RAPE 2ND         GLTY      09/16/1985

       Event
No.    Date         Event                             Judge
---------------------------------------------------------------------------
       01/11/1984
       ARREST DATE
       01/11/1985                                    POPPITI VINCENT J.
       DEFENDANT ARRESTED
       01/24/1985
       WARRANT AND COMMITMENT
       $10,000 SEC. ISS. THRU MUN.CT.
       01/24/1985
       PRELIMINARY HEARING
       HELD IN MUNICIPAL COURT.
       03/04/1985
       MEDICAL RECORDS ON
       MICHELLE LYLE
       03/11/1985                                    MARTIN JOSHUA WILLIAM III
       RULE 58 HEARING
       HEARNG.HELD, RIGHTS EXPLAINED,
       JDGMNT.ENTERED IN AMT.OF
       $10,000. JUDGE SIGNED ORDER.
       (PRO'SE)
       03/11/1985                                    MARTIN JOSHUA WILLIAM III
       WAIVER PURSUANT TO RULE 58
       & ORDER THAT JDMNT.IN AMT.OF
       $10,000 BE ENTERED AGAINST
       EUNICE FREEMAN.
       03/11/1985
       BAIL POSTED, DEFENDANT RELEASED
       $10,000 SEC. (PROPERTY)
 1     03/12/1985
       TRUE BILL
       AS TO IN85031524.
 2     03/14/1985
```

THIS A TRUE COPY
ARGN AGNEW

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    2
                   ( as of   07/28/2008 )

State of Delaware v.  WILLIS L GRAYSON              DOB: 09/22/1949
State's Atty: JAMES J KRINER , Esq.      AKA: WILLIS GRAYSON
Defense Atty: DEFENDER PUBLIC , ESQ.


      Event
No.   Date             Event                        Judge
-------------------------------------------------------------------------
      RULE 9 SUMMONS ISSUED, RETURNABLE ON
      032085
3     03/19/1985
      RULE 9 SUMMONS RETURNED BY SHERIFF
      NON/EST
      03/20/1985                                MARTIN JOSHUA WILLIAM III
      ARRAIGNMENT PASSED FOR ONE WEEK
      03/20/1985
       SUBPOENA(S) ISSUED
      03/21/1985
       SUBPOENA(S) ISSUED
4     03/21/1985
      RULE 9 SUMMONS ISSUED, RETURNABLE ON
      032785
      03/26/1985
      SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
5     03/26/1985
      RULE 9 SUMMONS RETURNED BY SHERIFF
      PER/SRV
6     03/27/1985
      RULE 9 SUMMONS ISSUED, RETURNABLE ON
      032885
      03/27/1985                                MARTIN JOSHUA WILLIAM III
      ARRAIGNMENT-PASSED
      032885
7     03/28/1985                                MARTIN JOSHUA WILLIAM III
      RULE 9 SUMMONS HEARING, DEF. RELEASED
      BAIL SET ON 0825 WILL COVER
      1524. (MAURER,ESQ.)
      03/28/1985                                MARTIN JOSHUA WILLIAM III
      ARRAIGNED,WAIVED READING,ENT PLEA N GLTY
      MAURER,ESQ.
8     03/28/1985
      RULE 9 SUMMONS RETURNED BY SHERIFF
      NON/EST
9     04/09/1985
      DISCOVERY REQUEST
10    04/23/1985
      DISCOVERY RESPONSE
      04/24/1985
       SUBPOENA(S) ISSUED
      04/25/1985
```

. . . . . . . COPY
. . . . . GNEW

SUPERIOR COURT CRIMINAL DOCKET            Page    3
( as of  07/28/2008 )

State of Delaware v.  WILLIS L GRAYSON                          DOB: 09/22/1949
State's Atty: JAMES J KRINER , Esq.        AKA: WILLIS GRAYSON
Defense Atty: DEFENDER PUBLIC , ESQ.


      Event
No.   Date          Event                                Judge
-------------------------------------------------------------------------------
      SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
      05/01/1985
      SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
      05/02/1985
      SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
      05/07/1985
      SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
      05/08/1985
      WITNESSES APPEARED FOR STATE
      05/08/1985                                    BALICK BERNARD
      CRIMINAL TRIAL CALENDAR - RESCHEDULED
      DEFT.REQUEST.
      06/17/1985
      SUBPOENA(S) ISSUED
      06/17/1985
      SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
      06/17/1985
      SUBPOENA(S) ISSUED
      06/19/1985
      STATE'S WITNESS SUBPOENA ISSUED
      06/26/1985
      SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
      07/01/1985                                    BIFFERATO VINCENT A. SR.
      CRIMINAL TRIAL CALENDAR - TRIAL
      07/01/1985
      STATE'S WITNESS SUBPOENA ISSUED
 11   07/01/1985                                    GEBELEIN RICHARD S.
      JURY TRIAL
      MISTRIAL. S/PRETTYMAN
      D/MAURER CC/MEDDINGS
      CC/DORSEY J/S.CROFT,L.MALONE,
      S.KOVALEVICH,F.HARRIS,
      M.SAMLUK,R.ROGERS,W.KWOKA,
      J.MCCANDISH,H.DUNLAP,L.DEBOTO,
      B.BROOKS,R.GUY,ALT/W.DEGRAW &
      J.YEAGER.
X 12  07/02/1985                                    GEBELEIN RICHARD S.
      ORDER PURSUANT TO RULE 32(B)
      MISTRIAL WAS DECLARED
      09/03/1985
      SUBPOENA(S) ISSUED
      09/03/1985


                      $EX\ B-5-1$

```
                        SUPERIOR COURT CRIMINAL DOCKET              Page    4
                           ( as of  07/28/2008 )

  State of Delaware v.  WILLIS L GRAYSON                        DOB: 09/22/1949
  State's Atty: JAMES J KRINER , Esq.        AKA: WILLIS GRAYSON
  Defense Atty: DEFENDER PUBLIC , ESQ.

      Event
  No.  Date          Event                              Judge
  ---------------------------------------------------------------------------
        STATE'S WITNESS SUBPOENA ISSUED
        09/03/1985
        SUBPOENA(S) ISSUED
        09/09/1985
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
        09/11/1985
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
        09/12/1985
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
        09/16/1985                                     O'HARA ROBERT C.
        CRIMINAL TRIAL CALENDAR - TRIAL
  X 13  09/16/1985                                     POPPITI VINCENT J.
        JURY TRIAL
        JURY FOUND DEFT.GLTY.AS CHRGD.
        PSIORD. DEFT.HELD W/O BAIL.
        S/PRETTYMAN D/MAURER
        CR/MEDDINGS CC/DORSEY
        J/D.DERAMO,T.HAWS,R.MONTEGO,
        T.JOHNSON,R.JACKSON,N.MASON,
        M.BLACKBURN,B.QUILL,T.WAGNER,
        T.MERCER,J.MCELRONE,A.ZICKGRAF
        ALT/J.DAVIS & A.BUNGY.
        09/19/1985
        STATE'S WITNESS SUBPOENA ISSUED
  14   10/02/1985                                      POPPITI VINCENT J.
        ORDER PURSUANT TO RULE 32(B)
        THE JURY FOUND DEFT.GLTY.AS
        CHARGED. PSIORD. DEFT. HELD
        W/O BAIL.
        10/28/1985
        *                                              TEXT ENTRY
        DECLARATION IN SUPPORT OF RE-
        QUEST TO PROCEED IN FORMA
        PAUPERIS.
  15   12/13/1985
        MOTION TO WITHDRAW AS COUNSEL
        REFERRED TO JUDGE POPPITI
  16   12/17/1985
        STATE'S LETTER
        NO OPPOSITION TO MTNWAC.
  17   01/16/1986                                      POPPITI VINCENT J.
        OFFICE CONFERENCE
```

$EX \ B-5-2$

State of Delaware v.  WILLIS L GRAYSON                          DOB: 09/22/1949
State's Atty: JAMES J KRINER , Esq.        AKA: WILLIS GRAYSON
Defense Atty: DEFENDER PUBLIC , ESQ.

      Event
No.   Date          Event                                    Judge
-------------------------------------------------------------------------------
      RE: MTNWAC. ORDER IS SIGNED.
      (MAURER,ESQ.0
      01/16/1986                                    POPPITI VINCENT J.
      MOTION TO WITHDRAW AS COUNSEL
      (019) GRANTED. OF OFFICE OF THE
      PUBLIC DEFENDER IS HEREBY
      APPOINTED TO REPRESENT THE DEFT.
      FOR ALL MATTERS HERETO.
18    03/07/1986                                    POPPITI VINCENT J.
      SENTENCE
      AS TO 0825,RAPE 2ND: PC $226.60.
      BE IMP.FOR 30YRS.BEG.091685.
      CREDIT FOR 60DAYS IS TO BE GIVEN
      FOR TIME ALREADY SERV. AS TO
      1524,RAPE 2ND: PC $226.60. BE IMP
      FOR 30 YRS.TO BE CONSECUTIVE TO
      0825. YOU ARE HEREBY COMM.TO THE
      DEPT.OF CORRECT.FOR IMP. D/BAYARD
      S/GEORGY CR/SHERR
19    03/17/1986                                    POPPITI VINCENT J.
      ORDER OF JUDGMENT
20    03/21/1986
      NOTICE OF APPEAL
      #72,1986
21    04/17/1986
      TRANSCRIPT OF TRIAL
      JUDGE POPPITI
22    04/17/1986
      RECORDS SENT TO SUPREME COURT
23    04/23/1986
      RECEIPT RECORDS ACKNOWLEDGED BY
      SUPREME COURT
24    05/11/1987
      MANDATE AFFIRMED
25    06/30/1987                                    POPPITI VINCENT J.
      MOTION FOR REDUCTION OF SENTENCE
26    08/26/1987
      STATE'S LETTER
      STATE IS OPPOSED TO ANY REDUCTION
      OF SENTENCE.
      09/02/1987                                    POPPITI VINCENT J.
      MOTION FOR REDUCTION OF SENTENCE DENIED

```
                         SUPERIOR COURT CRIMINAL DOCKET            Page    6
                              ( as of  07/28/2008 )

     State of Delaware v.  WILLIS L GRAYSON                    DOB: 09/22/1949
     State's Atty: JAMES J KRINER , Esq.       AKA: WILLIS GRAYSON
     Defense Atty: DEFENDER PUBLIC , ESQ.


          Event
     No.  Date           Event                               Judge
     --------------------------------------------------------------------------
          (#029)
     27   12/17/1987
          DISCOVERY RESPONSE
  X28     06/28/1989
          MOTION FOR TRANCRIPT
                                         WJS
  X 29   07/11/1989
          MOTION FOR EVIDENTIARY HEARING
          FOR A NEW TRIAL              WJS
  X 30    06/26/1992                                      DEL PESCO SUSAN C.
          MOTION FOR POST-CONVICTION RELIEF
          FILED PRO SE
     31   09/24/1992
          DEFENDANT'S LETTER MEMORANDUM
          REQUEST A 5 DAY EXTENSION.     LC
     32   09/28/1992
          MEMORANDUM
          IN SUPPORT OF DEFT'S. MOTION FOR
          POST CONVICTION RELIEF. PRO'SE LC
     33   10/01/1992                                      DEL PESCO SUSAN C.
          LETTER
          TO EUGENE MAURER,ESQ. FROM JUDGE DEL PESCO
          PLEASE SUBMIT YOUR WRITTEN RESPONSE TO DEFENDANT'S
          MOTION FOR POSTCONVICTION RELIEF BY 10/16/92      LC
     34   11/17/1992
          MOTION
          TO FILE RESPONSE TO EUGENE
     35   12/15/1992
          LETTER
          TO J. DEL PESCO, SINCE I DO NOT
          HAVE THE FILE AT THIS TIME AND
          SINCE I AM PRESENTLY INVOLVED IN
          A CAPITAL HOMICIDE IN SUSSEX
          COUNTY, I WOULD REQUEST A ONE WEEK
          EXTENSION FROM THE PREVIOUSLY
          DESIGNATED 10/16 DATE WITHIN WHICH
          TO RESPOND TO THE COURT.        TW
     36   12/15/1992
          DEFENDANT'S LETTER
          (EUGENE MAURER) TO J. DELPESCO,
          IN RESPONSE TO MTN FOR POST-
          CONVICTION RELIEF.             TW
```

$EX\ B\text{-}1$

```
                     SUPERIOR COURT CRIMINAL DOCKET              Page    7
                          ( as of  07/28/2008 )

State of Delaware v.  WILLIS L GRAYSON                       DOB: 09/22/1949
State's Atty: JAMES J KRINER , Esq.       AKA: WILLIS GRAYSON
Defense Atty: DEFENDER PUBLIC , ESQ.


      Event
No.   Date          Event                                   Judge
-----------------------------------------------------------------------------
37   12/15/1992
       DEFENDANT'S LETTER
       (EUGENE MAURER) TO J. DEL PESCO,
       REQUESTING THE COURT PERHAPS MAKE
       INQUIRY TO MR. GRAYSON IF HE IS
       IN POSSESSION OF THAT FILE AND IF
       SO, IF HE OUCLD FORWARD IT TO THE
       COURT SO THAT I CAN REVIEW THE
       FILE UNDER COURT SUPERVISION.  TW
38   12/15/1992                                    DEL PESCO SUSAN C.
       MEMORANDUM
       OPINION; SUBMITTED: 112492.
       DECIDED: 121592, UPON DEFT'S
       MTN FOR POSTCONVICTION RELIEF.
       DENIED.
39   01/13/1993
       NOTICE OF APPEAL
       #20, 1993                      KDP
40   01/13/1993
       LETTER
       (FROM SUPREME COURT) THE RECORD
       MUST BE FILED W/THIS OFFICE NO
       LATER THAN 020393.             KDP
41   02/11/1993
       RECORDS SENT TO SUPREME COURT
                                      WJS
42   02/17/1993
       RECEIPT RECORDS ACKNOWLEDGED BY
       SUPREME COURT                  DCB
43   04/05/1993
       MANDATE AFFIRMED
45   08/12/1993                                    GEBELEIN RICHARD S.
       MEMORANDUM
       TO DAVID MEDDINGS, CHIEF COURT
       REPORTER, ADVISING HIM THAT A
       MISTRIAL WAS DECLARED ON 070185
       BEFORE HIM IN REFERENCE TO DEFT.
       MR.GRAYSON IS REQUESTING A COPY
       OF THE TRANSCRIPT, WHICH SHALL BE
       PREPARED AT STATE EXPENSE.   DCB
44   08/31/1993                                    GEBELEIN RICHARD S.
       TRANSCRIPT OF PROCEEDINGS
```

```
                   SUPERIOR COURT CRIMINAL DOCKET              Page    8
                         ( as of  07/28/2008 )

    State of Delaware v.  WILLIS L GRAYSON                      DOB: 09/22/1949
    State's Atty: JAMES J KRINER , Esq.       AKA: WILLIS GRAYSON
    Defense Atty: DEFENDER PUBLIC , ESQ.


         Event
    No.  Date          Event                              Judge
    -------------------------------------------------------------------------------
         JULY 1, 1985                      KLT
 X 45   12/11/1995
         MOTION
         FOR COMPLETE TRANSCRIPT OF MIS-
         TRIAL - FILED PRO'SE - REFERRED
         TO JUDGE GEBELEIN              DF
    46   01/19/1996                                   GEBELEIN RICHARD S.
         ORDER
         MOTION FOR TRANSCRIPT AT STATE
         EXPENSE IS DENIED. IT IS SO
         ORDERED.                       DF
         JUDGE GEBELEIN
 X 47   01/29/1996
         MOTION
         FOR RECONSIDERATION FILED PRO'SE
         REFERRED TO JUDGE GEBELEIN     DF
    48   03/14/1996                                   GEBELEIN RICHARD S.
         ORDER
         (#047) MOTION FOR RECONSIDERATION
         OF THIS COURTS DENIAL OF HIS REQ-
         UEST FOR A COMPLETE TRANSCRIPT OF
         HIS MISTRIAL IS DENIED. IT IS SO
         ORDERED                        DF
         JUDGE GEBELEIN
    50   04/01/1996
         LETTER FROM DEFENDANT
         (DATED 020795) TO JUDGE GEBELEIN
                                        KRS
    49   04/09/1996
         LETTER
         (DATED 040396) FROM DAVID
         MEDDINGS, CHIEF COURT REPORTER TO
         THE DEFENDANT.                 KRS
    51   09/08/1997
         DEFENDANT'S LETTER FILED.
    52   06/11/1999
         MOTION FOR MODIFICATION OF SENTENCE FILED.
         PRO SE - REFERRED TO JUDGE RIDGELY
    53   08/02/1999
         MOTION FOR CORRECTION OF ILLEGAL SENTENCE.
         PRO SE - REFERRED TO JUDGE COOCH.
         REFERRED ON 8/9/99
```

EX B-2

SUPERIOR COURT CRIMINAL DOCKET                Page    9
( as of  07/28/2008 )

State of Delaware v.  WILLIS L GRAYSON                        DOB: 09/22/1949
State's Atty: JAMES J KRINER , Esq.          AKA: WILLIS GRAYSON
Defense Atty: DEFENDER PUBLIC , ESQ.

        Event
No.    Date          Event                                    Judge
-----------------------------------------------------------------------------
55    09/03/1999                                      COOCH RICHARD R.
        TO FERRIS WHARTON,ESQ.
        RE: RE-ASSIGN CASE TO ANOTHER AG AND ADVISE ME AS TO WHO IT IS
        ENCLOSING DEFT'S PRO SE "MOTION FOR CORRECTION OF ILLEGAL SENTENCE OR
        IMPROPER CONSECUTIVE SENTENCES" FILED 8/2/99.
        I REQUEST STATE TO FILE A RESPONSE ON OR BEFORE 10/1/99
54    09/10/1999
        LETTER FROM WILLIS GRAYSON  TO JUDGE COOCH
        RE: MODIFICATION OF SENTENCE.
        LETTER SENT TO JUDGE COOCH AS PER REQUEST.
56    10/01/1999
        STATE'S ANSWER TO DEFENDANT'S MOTION FOR CORRECTION OF ILLEGAL
        SENTENCE OR IMPROPER CONSECUTIVE SENTENCE.
        REFERRED TO JUDGE COOCH.
57    11/03/1999
        MOTION FOR MODIFICATION OF SENTENCE FILED (OR IMPROPER
        CONSECUTIVE SENTENCES FILED) R35A
        PRO SE - REFERRED TO JUDGE COOCH
58    12/17/1999                                      COOCH RICHARD R.
        ORDER: UPON DEFENDANT WILLIS L. GRAYSON'S PRO SE MOTION FOR CORRECTION
        OF ILLEGAL SENTENCE OR IMPROPER CONSECUTIVE SETENCES. DENIED.
        IT IS SO ORDERED.
59    01/13/2000
        DEFENDANT'S LETTER FILED.
X 60    04/11/2000
        MOTION FOR RELEASE OF TRANSCRIPTS AND MOTIONS (PRO SE) FILED.
        REFERRED TO JUDGE COOCH FOR JUDGE POPPITTI
        REFERRED ON 4/17/00
61    06/01/2000
        LETTER/ORDER ISSUED BY JUDGE COOCH.
        RE: I AM IN RECEIPT OF YOUR APRIL 10, 2000 "MOTION FOR RELEASE OF
        TRASNCRIPTS AND MOTIONS." NO SUFFICIENT REASON HAS BEEN SET FORTH
        WARRANTING THE RELIEF REQUESTED IN THIS MOTION. ACCORDINGLY, THE
        MOTION IS DENIED.  IT IS SO ORDERED.
X 62    06/12/2000
        MOTION FOR OMNIBUS DOCUMENTS (PRO SE)  FILED.
        REFERRED TO JUDGE COOCH 6/12/00
63    06/28/2000                                      COOCH RICHARD R.
        LETTER/ORDER ISSUED BY JUDGE: COOCH
        RE: PRO SE OMNIBUS DOCUMENTS MOTION FILED WITH THE PROTHONOTARY ON
        JUNE 12, 2000. IN THE ABOVE MOTION YOU REQUEST THAT THE COURT
        RECONSIDER YOUR PREVIOUS MOTION FOR RELEASE OF TRANSCRIPTS WHICH I

EX  B-3

State of Delaware v.  WILLIS L GRAYSON                       DOB: 09/22/1949
State's Atty: JAMES J KRINER , Esq.         AKA: WILLIS GRAYSON
Defense Atty: DEFENDER PUBLIC , ESQ.

```
       Event
No.    Date            Event                                Judge
-----------------------------------------------------------------------------
       DENIED ON JUNE 1, 2000. THE COURT WILL TREAT THE ABOVE MOTION AS A
       MOTION FOR REARUMENT.
       NO NEW ARGUMENTS HAVE BEEN PRESENTED. ACCORDINGLY, THE ABOVE MOTION IS
       DENIED.
       IT IS SO ORDERED.
X64    07/21/2000
       REQUEST FOR SUBPOENA DUCES TECUM (RULE 45 (B) PRO SE.
       REFERRED TO JUDGE COOCH 8/2/00
65     08/22/2000                                      COOCH RICHARD R.
       LETTER/ORDER ISSUED BY JUDGE COOCH TO DEFENDANT.
       I AM IN RECEIPT OF YOUR PRO SE "REQUESTS FOR SUBPOENA DUCES TECUM
       (RULE 45(B))" FILED WITH THE PROTHONOTARY ON JULY 21, 2000.  I
       BELIEVE THAT NO GOOD REASON REGARDING THE PRODUCTION OF THE VARIOUS
       DOCUMENTS THAT YOU REQUEST.  ACCORDINGLY, YOUR "REQUESTS FOR SUBPOENA
       DUCES TECUM (RULE 45(B))" IS DENIED.  IT IS SO ORDERED.
66     10/11/2000
       NOTICE OF APPEAL FILED.  (COPY) #488, 2000.
67     12/19/2000
       RECEIPT OF CERTIFIED COPY OF ORDER.
68     12/19/2000
       NOW, THEREFORE, IT IS ORDERED THAT THE WITHIN APPEAL IS DISMISSED.
69     01/05/2001
       MOTION FOR RECONSIDERATION FILED. (COPY)
       PRO SE
70     05/17/2002
       MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
       REFERRED TO JUDGE COOCH FOR JUDGE POPPITI
71     06/07/2002
       LETTER FROM ANGELA HAIRSTON, PROTHONOTARY OFFC. TO STEVE WOOD, DAG
       RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
       ATTACHED COPY OF MOTION.
72     06/13/2002                                      COOCH RICHARD R.
       ORDER: ON DEFENDANT'S PRO SE MOTION FOR POSTCONVICTION RELIEF:
       SUMMARILY DISMISSED.
       * SEE FULL ORDER IN FILE.
73     07/03/2002
       LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
       RE: A NOTICE OF APPEAL WAS FILED ON JUNE 28, 2002.
       THE RECORD IS DUE JULY 24, 2002.
       367, 2002
       07/17/2002
       RECORDS SENT TO SUPREME COURT.
```

$EX$ $13-4-2$

State of Delaware v.  WILLIS L GRAYSON                        DOB: 09/22/1949
State's Atty: JAMES J KRINER , Esq.         AKA: WILLIS GRAYSON
Defense Atty: DEFENDER PUBLIC , ESQ.

      Event
No.   Date        Event                                 Judge
-----------------------------------------------------------------------------
74   07/24/2002
     RECEIPT_FROM SUPREME COURT ACKNOWLEDGING RECORD.
75   10/10/2002
     MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
     SUPREME COURT CASE NO: 367, 2002
     SUBMITTED: SEPTEMBER 16, 2002
     DECIDED: SEPTEMBER 19, 2002
     BEFORE WALSH, HOLLAND, AND BERGER, JUSTICES.
X 77  04/26/2006
     MOTION FOR TRANSCRIPT FILED PRO SE.  REFERRED TO JUDGE COOCH.
76   05/02/2006                                 COOCH RICHARD R.
     LETTER/ORDER ISSUED BY JUDGE: COOCH
     DEFENDANT'S MOTION FOR TRANSCRIPTS IS DENIED.  SEE FILE FOR ORDER.
78   05/22/2006
     NOTICE OF APPEAL FILED IN SUPREME COURT (COPY).
79   06/01/2006
     DEFENDANT'S LETTER FILED.
     TO: THE SUPREME COURT OF DELAWARE
     XC: SUPERIOR COURT OF DELAWARE
     RE: NOTICE TO SHOW CAUSE
80   06/05/2006
     MANDATE FILED: WITHDRAWN
     SUPREME COURT CASE NO: 238, 2006
     APPEAL WITHDRAWN BY WILLIS GRAYSON.
81   01/17/2007
     MOTION TO AMEND MOTION FOR NEW TRIAL FILED. PRO SE
     REFERRED TO JUDGE COOCH
82   02/08/2007                                 COOCH RICHARD R.
     NOTICE OF NON-COMPLIANCE TO RULE 61 (MOTION FOR POSTCONVICTION RELIEF)
     SENT TO DEFENDANT.
     YOU MUST USE THE ATTACHED FORM. SEE SUPER.CT.CRIM.R.61(B)(1)
     ALTHOUGH THE MOTION FILED ON JAN.17, 2007 IS CAPTIONED "MOTION TO
     AMEND MOTION FOR NEW TRIAL", IT IS IN EFFECT A RULE 61 MOTION FOR
     POSTCONVICTION RELIEF.
     IT IS SO ORDERED.
83   03/27/2007
     MOTION FOR POSTCONVICTION RELIEF AND EVIDENTIARY HEARING FILED.
     PRO SE
     REFERRED TO JUDGE COOCH
85   03/27/2007
     MOTION FOR APPOINTMENT OF COUNSEL FILED. PRO SE
     REFERRED TO JUDGE COOCH.

                    $E \times B - 4 - 2$

```
                       SUPERIOR COURT CRIMINAL DOCKET              Page    12
                            ( as of  07/28/2008 )

State of Delaware v.  WILLIS L GRAYSON                            DOB: 09/22/1949
State's Atty: JAMES J KRINER , Esq.        AKA: WILLIS GRAYSON
Defense Atty: DEFENDER PUBLIC , ESQ.

     Event
No.  Date          Event                              Judge
--------------------------------------------------------------------------------
84   03/29/2007
         LETTER FROM A. HAIRSTON, PROTHONOTARY OFFICE  TO RICHARD ANDREWS, ESQ
         RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF AND
         EVIDENTIARY HEARING.
         ATTACHED: COPY OF MOTION
86   04/09/2007                                        COOCH RICHARD R.
         LETTER FROM JUDGE COOCH   TO RICHARD ANDREWS, DAG & WILLIS GRAYSON.
         RE: ENCLOSED PLEASE FIND A COPY OF AN ORDER IN THE ABOVE-CAPTIONED
         CASE.
87   04/09/2007                                        COOCH RICHARD R.
         ORDER: UPON DEFENDANT'S THIRD MOTION FOR POSTCONVICTION RELIEF :
         SUMMARILY DISMISSED.
         UPON DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL: DENIED.
         IT IS SO ORDERED
89   04/18/2007
         NOTICE OF APPEAL FILED IN SUPREME COURT.
88   04/26/2007
         LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
         RE: A NOTICE OF APPEAL WAS FILED ON APRIL 24, 2007.
         THE RECORD IS DUE MAY 17, 2007.
         206, 2007
     05/17/2007
         RECORDS SENT TO SUPREME COURT.
90   01/30/2008
         MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
         SUPREME COURT CASE NO: 263, 2005
         SUBMITTED: OCTOBER 12, 2007
         DECIDED: JANUARY 7, 2008
         BEFORE STEELE, CHIEF JUSTICE, JACOBS, AND RIDGELY, JUSTICES.

                *** END OF DOCKET LISTING AS OF  07/28/2008 ***
                        PRINTED BY: CSCKWAL
```

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE, )
                                      )
        v.                            ) C. A. No. IN-85-01-0825 and
                                      )              IN-85-03-1524
WILLIS GRAYSON,                       )
                                      )
        Defendant.                    )

NOTICE OF MOTION

TO:  ROBERT PRETTYMAN, ESQUIRE
     Deputy Attorney General
     820 N. French Street
     Wilmington, DE 19801

        PLEASE TAKE NOTICE that the within Motion to Withdraw

as Counsel will be presented to the Honorable Vincent J. Poppiti

for his consideration.

                              Eugene J. Maurer, Jr.
                              1201-A King Street
                              Wilmington, DE 19801
                              Attorney for Defendant

Exhibit-C

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,                    )
                                      )
    v.                                ) C. A. No. IN-85-01-0825 and
                                      )            IN-85-03-1524
WILLIS GRAYSON,                       )
                                      )
    Defendant.                        )

## MOTION TO WITHDRAW AS COUNSEL

COMES NOW, Eugene J. Maurer, Jr., and moves to withdraw as counsel for the defendant in the above-captioned case. The bases of this motion are as follows:

1.  Counsel was retained to represent the defendant in connection with two charges of rape in the second degree together with multiple counts of harassment and aggravated harassment which were pending against him in the lower courts.

2.  The charges of rape in the second degree went to trial in this court on September 16, 1985, before Your Honor. After a four day trial, the defendant was found guilty of both charges of rape in the second degree.

3.  Subsequent to trial, counsel has received repeated complaints from the family of the defendant both with respect to counsel's performance and the fee assessed for the trial. It should be noted that the fee assessed has not been paid in full.

4.  Counsel has recently become aware that the defendant has written a letter to the News Journal papers criticizing counsel's performance at trial and alleging ineffectiveness on the part of counsel.

5.   The case is presently pending sentencing before Your Honor.

6.   In light of the defendant's claims of ineffective assistance of counsel together with the repeated complaints of both the defendant and his family, counsel respectfully requests that he be permitted to withdraw as counsel for the defendant in this case.

Eugene J. Maurer, Jr.
1201-A King Street
Wilmington, DE 19801
Attorney for Defendant

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,                )
                                  )
    v.                            ) C. A. No. IN-85-01-0825 and
                                  )              IN-85-03-1524
WILLIS GRAYSON,                   )
                                  )
        Defendant.                )

O R D E R

AND NOW, TO WIT, this _16_ day of _____,

1986, the foregoing Motion to Withdraw as Counsel having been

heard and considered,

IT IS HEREBY ORDERED that Eugene J. Maurer, Jr., be

permitted to withdraw as counsel for the defendant, Willis

Grayson in the above case.

## THE AFFIDAVIT OF STEPHANIE L. GRAYSON.

I,STEPHANIE L. GRAYSON,SWEAR THAT THE FOLLOWING ARE TRUE ACCOUNTS OF THE FACTS:

1. Sometime in April of 1985,I accompanied my brother,Willis L.Grayson,Jr., to the office of Eugene J.Maurer,Esq, was hired to represent my brother in a criminal case.

2. At this initial meeting with the aforenamed counsel,my brother explained the reason he had been arrested and,charged with the crime.Shortly before this meeting ended;Mr.Maurer promised my brother,he'd do the following:

(1) Make arrangments for my brother to take a polygraph. (2) Inter-view Miss Phyllis Jackson,read the letter she'd written for my brother; said letter conveyed important facts concerning the arrest of my brother, Mr.Maurer stated Miss Jackson,and her letter will make a good witness, and evidence. (3)Mr.Maurer promised he'd call in as a witness,an medical expert,i.e.,an OB/GYN to testify to his finding of the State's evidence.

(3)Afew days later,I,my mother,and my brother returned to Mr.Maurer's office and gave him an initial payment,this was the first installment pay-ment the aforenamed counsel had agreed to,i.e., he would except payments on a monthly basis to represent my brother's case;at no time did Mr.Maurer state in writing or verbally,he wanted his fee (s) paid in full.The first time full payment was mentioned;was when my bother voiced his dissatisfaction with Mr.Maurer's representation which was via my brother's letter to Tom Hub-bard.

(4) While my brother was out on bail he was falsely charged with harass-ment.I,my brother;and our mother tried to contact Mr.Maurer concerning the aforesaid charge, when I finally did reach the aforenamed counsel and ex-plained my brother's situation,Mr.Maurer made the following statement:

1   *Exhibit - D*

"Ithink it would do your brother good to stay in jail, at least he'll stay out of trouble".

(5) Approximately July 28, 1985 or thereabout, Mr. Maurer made the following threat to my brother, "If I don't get my money, someone's going to jail"; this threat was made in my presence, and our mothers', the aforesaid remark was on the morning of my brother's first trial.

(6) Mr. Maurer failed to keep the promises mentioned on line #2 of this sworn document; he also failed to subpeona crucial documents concerning the alleged victim, i.e., mental evaluation records; said records were on file at A.I.DuPont Institute, and as far as I know remain there still, said records were there in 1993 or 1994.

�'t (7) Prior to all the aforesaid, Mr. Maurer afforded my brother only two; possibley three office consultations.

(8) After my brother was convicted, Mr. Maurer promised to, file a motion of appeal, which he never did; he also failed to return the calls my mother and I made to his office concerning my brother's appeal.

SWORN AND SUBSCRIBED TO THIS ___30___ OF ___August___, 1999

_____
NOTARY PUBLIC

_____
STEPHANIE L.GRAYSON

12-2-85/11:45am

Wilmington News Journal.
℅ Tom Hubbard.

Dear Mr. Hubbard,

I shall try to be as brief as possible in explaining my dilemma. Mr. Hubbard, on November 2, 1984 my step-daughter Michelle Lyle missed the school bus, she returned home (2512 Tatnall St. Wilm.) and told her mother, my wife of five years (Maxine Lyle Thompson). My wife stated to Michelle that there wasn't enough gas in the car to take her to school (Skyline) and then go to her job (Dutert Aychem Dept. Barley Mill Plaza) and Michelle would have to miss the day of school. My reason for being at home was I was out of work because I had lost my small bussiness and my wife used the car to go to work. Michelle came into the bedroom and asked could she watch tv, I said yes and I asked her to wait until I had put my robe on, I then went downstairs and had breakfast and talked on my C.B. radio. On Jan. 11, 1985 I was at home, as usual, Michelle came in from school about 3 or 3:30 pm I asked Michelle to pull some potatoes for the beef stew I was making for dinner, I guess five or ten minutes passed and Marshall her youngest brother came in. After Marshall had changed his clothes he began washing the dishes, Michelle was being rude and I slapped her, and sent her to her room, I then called her mother and explained to her what had happened. At five pm I pick up my wife from work and we talked about what had happened, my

Exhibit- E

(Pg II)

wife said that she would take care of the problem, mean-
while Michelle had told her two brothers which inturn told
their aunt (Karen James) that I had raped Michelle on the
day she missed school. (11-2-84). Around 6:30 my wifes
sister (Karen) came to the house and her and my wife
went up stairs, the next thing I knew everybody was running
down the steps and out the door. I called to my wife and
asked what was the matter! She never answered, two hours
passed and I got a phone call from the (N.P.O) and was
told there was a warrant for my arrest for two counts
of seconded degree rape. After being in jail for the night I
was about on bail and the bail stated I couldn't return
to (2512 Tatnall St.) so I stayed with my sister (Mrs. Stephanie
L. Thompson). Mr. Hubbard, my wife would lie to the judge and
I would be arrested three more times for harassment which
I never did and I had witnesses to prove this, the last time
I was arrested I couldn't make bail so I had to set in
(Gander Hill) for four months until the charges were droped.
Mr. Hubbard, before I was arrested the last time my family and
I retained (Eugene Maurer) 1201 King St. (Wilm.) to represent me, from
the way (Mr. Maurer) expressed himself he had my family and
I to believe he was (Perry Mason) in the flesh. At our first
meeting (Mr. Maurer) said he wanted $1500.00 as a retainer and
his fee would be $5,000.00 The retainer was paid a few days after
we met and he excepted the agreement we made of $200.00
a month until the $5000.00 was paid in full after that I never

(Pg IV)

saw (Mr. Mause) again until May 22nd the date of the harassment trial, not once did he come to the prison as he had promised my family. I was reheart that day and returned to my sisters home, a day or two passed and my sister and I went to (Mr. Mauses) office to take him a little that Mrs. Phyllis Jackson wrote to him telling of how my wife had physically and mentally abused her daughter Michelle. This abuse was done before I met my wife not only did my wife abuse her daughter she sexually abused Mrs. Jackson when she was living with her (Mauses) aunt. My sister and I also retold (Mr. Mause) some lude pictures my wife had posed for in a public bar and explained that Michelle had been taken to A. I. DuPont hospital for mental evaluation when she was younger (Mr. Mause) asked about my wifes background, I told him of how she had told me of how her stepfather abused her and the two oldest sisters mentally and sexually not to mention how her stepfather abused there mother (Mr. Mause) asked was there anything else, I didn't want to tell him but he and my sister said for me to let it all hang out! I then told him that my wife had told me the father of her oldest son was her brother. My sister and I thought (Mr. Mause) would use all this information, we were so wrong! (Mr. Mause) never used any of this, he didn't subpena (Ms. Jackson) nor the records from A. I. DuPont nor my wifes family back ground, he failed to be aggressive when questioning my wife daughter and her two sons (Mr. Mause) failed to recognize the

(Pg 4)

many discrepancies in my stepdaughters testimony about the times I had sex. (Mr. Mauer) also failed to ask my wife a very crucial question when she was on the stand, this question was, Since I was allegedly having sex with Michelle for five years why didn't my wife notice any excess blood or bleeding in her daughters panties since my wife did the family wash and why did Michelle wait so long to come forward and tell this. When (Mr. Mauer) questioned the doctor that did the examination of Michelle and asked what evidence he found that verified that Michelle had been raped the doctor stated that her hymen had been broken due to penetration. Mr. Mauer was about to leave the questioning like that, I told him to ask the doctor if only the penetration of a penus could break the hymen? The doctor stated that any instrument an inch long could cause the hymen to be broken, such as as pencil, finger, tampax etc. Therefore since there was no other physical evidence such a hair bruses, sperum then who to say that Michelle couldn't have did this by masturbation, Michelle was at the age children begin to notice themselves sexually this is another point he failed to bring up after I had stated to him that this was very possible not to mention the sex education the children get in school, the sexual movies on H.B.O. and who knows what other sex related things children of this day and age come in contact with once they leave their homes. Mr. Hubbard I feel that I deserve a new trial because

(Pg 5)

of (Mr. Mawes) ineffictiveness as my counsel, this ineffictiveness is a violation of my constitutional rights. Also our justice system should scrutinize these children, and mothers that bring such charges upon anyone (Mr. Hubbard) how many innocent men like myself have been put in jail because of a vindictive child or its mother. Mr. Hubbard, how many of us must sit in jail for years and by as Mr. Dobson was, six years in jail for a crime he didn't committ. Mr. Hubbard, how long will the Bar Association allow innoant men to be sent to jail because of ineffictive counseling and the game the public defenders of (Lets Make a Deal) and even the private lawers are not doing their job either as in my case. Mr. Hubbard my life has been ruinded also my future if I don't get a new trial. This child abuse thing is and continues to run wild ruining peoples lives it reminds me of the old story of the boy (who cried wolf). At this day and age the story has a new name (the child that cried rape). Mr. Hubbard, another old saying is (the pen is mightyer than the sword). Mr. Hubbard I need your sword. If you need more information please contact the following. W. Lee Grayson, II, M.P.E. of F. P.O. Box 9561 Wilm, De. 19809, 2-G-3. Mrs. Jeanne Grayson, 1812½ 2nd St. Wilm, De. 19805, 302-656-3180. Mrs. Stephanie R. Grayson, 409 Dunhill Ave. Wilm, De. 19805, 302-656-8917. Thank You for any and all help.

W. Lee Grayson, II

# Affidavit

I, Willis L. Brayson, Jr., being first duly sworn deposes and says that the foregoing statement (s) is / are a true and correct account of The Prosecution / State Government's lawful duty and obligation (s) in according the abovenamed defendant his Procedural Justice / Constitutionally Protected Guarenteed Due Process.

In and pursuant to § 4504 (a) (4) and Anderson v. State, see 831 A.2d 858 (2003

"To setisfy § 4504 (a) (4) all defendant need do is produce affidavit stating that in abovenamed defendant's case The Prosecution / State Government's the "stapled two paged anatomical diagrams and informational notes" were gethered by one Dr. Bruce Johnson whom the prosecuter had authority over, and who was an or acting as an agent for The state / prosecutor as well as Christiana Hospital Records Custodian Mrs. Wright who inturn released the aforesaid document (s) into the custody of the prosecuter / state and there it remained for approximately six months, i.e., from Jan. 11, 1984 to July 1, 1985; the date of defendant's mistrial.

Upon the signing and placement of the Notary's Seal upon this document the abovenamed defendant has satisfied the requirements of § 4504 (a) (4).

Exhibit - F

Applicant's William D. Engram Jr.
Signature

Sworn To And Subscribed Before me this 1st day of Nov. 2006

2005

My Commission Expires:

Brian D. Engram
Notary Public

**Brian D. Engram**
**Notary Public, State of Delaware**
**My Commission Expires June 14, 2008**

2

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

WILLIS L. GRAYSON, Jr.          )
                                )
            Petitioner,         )
                                )
v.                              )          Civil Action No. _____
                                )          Federal Habeas Corpus proceeding
                                )          28 U.S.C. § 2254
WARDEN PERRY PHELPS _____, et al,  )
                                )
                                )
            Respondent.         )

### MOTION FOR APPOINTMENT OF COUNSEL

Petitioner  WILLIS L. GRAYSON, Jr. _____ pursuant to 28 U.S.C. § 1915(d), request this court to appoint counsel to represent any indigent person who is unable to employ counsel in the above-entitled action for the following reasons:

In determining whether to appoint counsel for habeas corpus petitioner, the district court of Delaware must first decide if petitioner has presented nonfrivolous claims and if appointment of counsel will benefit petitioner and court; factors influencing court's decision including complexity of factual and legal issues in case, as well as pro se petitioner's ability to investigate facts and present claims. See 18 U.S.C. § 3006A (g); *Reese v. Fulcomer*, 946 F.2d 247 (3d Cir. 1991).

*Pro se* petitioners have no automatic constitutional or statutory right to representation in a federal habeas proceeding. See *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999); *Kirk v. Carroll*, 243 F.Supp2d 125, 144 (D.Del. 2003).

A court may, however, seek representation by counsel for a petitioner "upon a showing of special circumstances indication the likelihood of substantial prejudice to [petitioner] resulting ... from [petitioner] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguable meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993) (citing *Smith-Bey v. Petsock*, 741 F2d 22, 26 (3d Cir. 1984)); 18 U.S.C. § 3006A (a) (2) (B) (representation by counsel may be provided when a court determines that the "interests of justice so require"); *Kostyshyn v. Kearney*, 386 F.Supp.2d 589, 593 (D.Del. 2005).

In support of this motion, the plaintiff avers the following:

1.    The petitioner avers that counsel can perform a valuable function benefiting both the court and the petitioner;

2.    The petitioner avers that the issues raised can be more clearly identified if both sides have the benefit of trained legal personnel;

3.    The petitioner avers that the presence of counsel at the prehearing conference may help to expedite the evidentiary hearing or make it unnecessary;

4.    The petitioner avers that counsel will be able to make better use of available prehearing discovery procedures;

5.    The petitioner does not have the ability to present his own case;

6.    The petitioner is unskilled in the law and the complexity of factual and legal issues presented in this case is beyond petitioner's abilities to pursue an effective investigation to present the claims;

7.    The petitioner can not attain and afford counsel on his own behalf;

8.    Appointment of counsel would serve "the best interest of justice "in this case. See Rule 8(c) of the Rules Governing Section 2254 Cases.

9.    The petitioner claims do provide a basis for federal habeas review because of the extraordinary circumstances petitioner faces due to the dilitary conduct of the initial and second trial courts which hendered petitioner's ability to not only assert his rights, but also pervented him from timely filing his petition  through the exercise of Due Diligence in investigating and bringing his claim (s) before the court (s). Petitioner's claims warrant federal review pursuant to Super. Ct. Crim. R.P. Rules 61 (i) (4),"Consideration of the claim is warranted in the interest of justice, and (i) (5); that the bars in paragraphs (1), (2), and (3) are inapplicable; and the petitioner has presented a Colorable Claim

For the foregoing reasons, the plaintiff has provided the court with sufficient foundation for the court to appoint counsel in this case.

Dated  8 - 11 - 08

Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

WILLIS L. GRAYSON,Jr. _____ ,          )
                                         )
            Petitioner,                  )
                                         )
    v.                                   )      Civil Action No. _____
                                         )      Federal Habeas Corpus proceeding
                                         )      28 U.S.C. § 2254
WARDEN PERRY PHELPS _____ , et al,     )
                                         )
                                         )
            Respondent                   )

## O R D E R

IT IS HEREBY ORDERED, THIS _____ DAY OF _____ ,

20____, THAT THE ATTACHED MOTION FOR APPOINTMENT OF COUNSEL HAS

BEEN READ AND CONSIDERED:

IT IS ORDERED THAT THE MOTION IS HEREBY_____.


                                 _____
                                 United States District Court Judge