IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIS L. GRAYSON, JR., | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| PERRY PHELPS, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | NO.  08-CV-538 |

Willis L. Grayson, Jr. *Pro se* Petitioner.

Loren C. Meyers.   Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

**MEMORANDUM OPINION**

April 21, 2009
Wilmington, Delaware

**Davis, District Judge**

## I.  INTRODUCTION

Presently before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Willis L. Grayson, Jr. ("Petitioner"), *pro se*, pursuant to 28 U.S.C. § 2254.   (Doc. No. 2) Petitioner is incarcerated at the Delaware Correctional Center in Smyrna, Delaware.  For the reasons set forth below, the Court will DISMISS the Petition as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1) without an evidentiary hearing.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

In March 1985, Petitioner was indicted and charged with two counts of second degree rape in violation of Del. Code Ann. tit. 11, § 763.  The charges stemmed from Petitioner's sexual assault of his stepdaughter in the summer and fall of 1984.  Petitioner's first trial ended in a mistrial on July 1, 1985, due to the absence of a certain medical record.  Petitioner was re-tried, and a Superior Court jury convicted Petitioner of both counts in September 1985.  The Superior court sentenced Petitioner on March 7, 1986 to thirty years imprisonment at Level V for each conviction, to be served consecutively.  Petitioner appealed, and the Delaware Supreme Court affirmed Petitioner's convictions and sentences on April 10, 1987.  *Grayson v. State*, 524 A.2d 1 (Del. 1987).

In July 1989, Petitioner filed in the Superior Court a "Motion for Judgment of Evientuary [sic] Hearing New Trial," but the motion was never docketed.  In June 1992, Petitioner filed an application for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61

---

[1]The facts set forth in this background and procedural history are summarized from the Memorandum in Support of the Petition, the State's Response, and the state court record.

("Rule 61 motion").  The Superior Court discovered that the July 1989 motion had not been

addressed.  After noting that the Rule 61 motion would normally be time-barred by the three-year

statute of limitations established in Delaware Superior Court Criminal Rule 61(i)(1), the Superior

Court determined that Petitioner's July 1989 filing served to toll the limitations period.

Therefore, the Superior Court considered the claims raised in the 1989 motion and the Rule 61

motion concurrently, and denied the motions in December 1992.  *State v. Grayson*, ID

30500267DI, Mem. Op. (Del. Super. Ct. Dec. 15, 1992).  Petitioner appealed, and the Delaware

Supreme Court affirmed the Superior Court's judgment.  *Grayson v. State*, 1993 WL 78229 (Del.

May 15, 1993).

However, while Petitioner's Rule 61 motion was pending in the Delaware State Courts,

he filed in this Court an application for federal habeas relief pursuant to 28 U.S.C. § 2254.  See

*Grayson v. Redman*, Civ. Act. No. 89-465-JJF.  The Honorable Joseph F. Farnan, Jr. denied the

habeas application due to Petitioner's failure to exhaust state court remedies.  *Grayson v.*

*Redman*, Civ. Act. No. 89-465-JJF, Mem. Op. (D. Del. Dec. 6, 1991).

On June 11, 1999, Petitioner filed in the Delaware Superior Court a motion to modify his

sentence.  Thereafter, on August 2, 1999, Petitioner filed a motion to correct an illegal sentence

pursuant to Delaware Superior Court Criminal Rule 35.  The Superior Court denied both motions

on December 17, 1999, and Petitioner did not appeal that decision.  *State v. Grayson*, 1999 WL

1442051 (Del. Super. Ct. Dec. 17, 1999).

On May 17, 2002, Petitioner filed his second Rule 61 motion *pro se*, which the Superior

Court denied on June 13, 2002.  *State v. Grayson*, 2002 WL 1335523 (Del. Super. Ct. June 13,

2002).  The Delaware Supreme Court affirmed the Superior Court's judgment on September 19,

2002.  *Grayson v. State*, 812 A.2d 224 (Table), 2002 WL 31107571 (Del. Sept. 19, 2002).

Petitioner filed his third Rule 61 motion *pro se* in March 2007.  The Superior Court

summarily denied the motion as time-barred, and the Delaware Supreme Court affirmed that

decision.  *State v. Grayson*, 2007 WL 1064451 (Del. Super. Ct. Apr. 9, 2007); *Grayson v. State*,

941 A.2d 1018 (Table), 2008 WL 187934 (Del. Jan. 7, 2008).

Petitioner's federal habeas Petition is dated August 7, 2008, and presents the following

four claims:  (1) his conviction in September 1985 violated the Double Jeopardy Clause;  (2) the

Superior Court did not have jurisdiction to try him in 1985;  (3)  the absence of certain medical

records prejudiced him; and (4) counsel provided ineffective assistance.  The State filed an

Answer, asking the court to deny the Petition as untimely.  (Doc. No. 11)

## III.  DISCUSSION

### A.  One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into

law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date

must comply with the AEDPA's requirements.  *See generally Lindh v. Murphy*, 521 U.S. 320,

336 (1997).  The AEDPA prescribes a one-year period of limitations for the filing of habeas

petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the
> expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in
> violation of the Constitution or laws of the United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant Petition is subject to the one-year limitations period contained in § 2244(d)(1).  *See Lindh*, 521 U.S. at 336.  Petitioner does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).  Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety (90) days after the state appellate court's decision.  *See  Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).  In this case, the Delaware Supreme Court affirmed Petitioner's conviction on April 10, 1987, and he did not file a petition for a writ of certiorari in the United States Supreme Court.  Therefore, Petitioner's conviction became final on July 9, 1987.

However, state prisoners whose convictions became final prior to the AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing their habeas applications, thereby extending the filing period through April 24 1997. *See Wilson v. Beard,* 426 F.3d 653, 662-63 (3d Cir. 2005).  Consequently, Petitioner had until April 24, 1997 to seek federal habeas relief.

The instant Petition was filed on August 7, 2008,[2] more than eleven (11) years after the

---

[2]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date

expiration of AEDPA's limitations period.  Therefore, the Petition is time-barred and should be

dismissed, unless the limitations period can be statutorily or equitably tolled.  *See Jones*, 195

F.3d at 158.  The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year

limitations period during the time the collateral proceeding is pending, including any post-

conviction appeals, provided that the application for collateral review is filed prior to the

expiration of the AEDPA's one-year period.  *See* 28 U.S.C. § 2244(d)(2); *Swartz v. Meyers*, 204

F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23,

2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it

was filed and pending before the expiration of the AEDPA's limitations period).  In this case,

however, none of Petitioner's attempts to obtain post-conviction review trigger the tolling

provision of § 2244(d)(1).  Petitioner's first Rule 61 motion, resulting in the 1992 decision by the

Superior Court and the March 1993 decision by the Delaware Supreme Court, was completed

before the AEDPA's limitations period began to run.  In turn, Petitioner's subsequent state post-

conviction actions, filed by him in 1999, 2002, and 2007, were all filed after the federal habeas

limitations period had expired in April 1997.  Thus, statutory tolling does not render the Petition

timely.

---

the application is filed in the court.  *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003);
*Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date
of mailing and, thus, of filing).  The Petition is dated August 7, 2008,  and, presumably,
Petitioner could not have delivered it to prison officials for mailing any earlier than that date.

**C. Equitable Tolling**

The AEDPA's limitations period may be tolled for equitable reasons in very rare situations.  *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).  In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient.  *Miller v. New Jersey State Dept. of Corrs.*, 145 F.3d 616, 618-19 (3d Cir. 1998);  *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).  Consistent with these principles, the Third Circuit has specifically limited equitable tolling of the AEDPA's limitations period to the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159;  *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner contends that his untimely filing of his Rule 61 motion and the instant Petition was "due to the fact" that the initial trial court and judge "denied [his] motion(s) for *complete* copies of mistrial transcripts."  (D.I. 23, at p. 3) (emphasis added)  As recounted in the Court's factual summary, Petitioner filed three Rule 61 motions in the Superior Court, all of which were time-barred under the three-year limitations period established in Rule 61(i)(1).  The Superior Court determined that the limitations period for the first Rule 61 motion, filed in 1992, should be tolled due to an inadvertent docketing problem, yet the Superior Court denied as time-

barred the Rule 61 motions filed in 2002 and 2007.

Although Petitioner does not explicitly identify which of the three untimely Rule 61 motion filings was affected by the absence of the mistrial transcript, the Court concludes that the alleged failure to provide Petitioner with a complete transcript of the mistrial in July 1985 does not constitute an extraordinary circumstance for equitable tolling purposes. To begin, the court notes that Petitioner's complaint regarding the failure to provide him with a copy of a transcript for his July 1985 mistrial only appears to be relevant with respect to the Double Jeopardy claim raised in this proceeding and in his third Rule 61 motion; Petitioner did not raise a claim alleging Double Jeopardy in the first Rule 61 motion that was considered, and denied, by the Delaware Superior Court in December 1992, nor did he raise a Double Jeopardy claim in his second Rule 61 motion. In turn, the Court rejects Petitioner's specious assertion that "had the initial trial court granted his motion for the complete mistrial transcripts . . . both his claims of Double Jeopardy and court's lack of jurisdiction would have been raised in his first [Rule 61 motion] of 1989 and 1992." (D.I. 3, at 12) The Delaware Superior Court docket indicates that Petitioner filed a "motion for transcript" in the Superior Court on June 28, 1989, which the Superior Court granted sometime in 1992. (D.I. 3, at Exh. B-1) Petitioner received a copy of the transcript for his September 1985 re-trial, and he used that transcript supplement his first Rule 61 motion. *See Grayson*, ID 30500267DI, Mem. Op., at p.2. Nothing in the record indicates that Petitioner actually desired or requested a *complete* copy of the transcript for the July 1985 *mistrial*, as opposed to the transcript for the September 1985 *re-trial*, in relation to his first Rule 61 motion. Therefore, the Court fails to see how the failure to provide a copy of the mistrial transcript around the time period when Petitioner filed his first Rule 61 motion *actually prevented*

Petitioner from timely filing the instant Petition.

Additionally, the Delaware Superior Court docket reveals that the Superior Court ordered a copy of the mistrial transcript to be provided to Petitioner at the State's expense on August 12, 1993. (D.I. 3, at p. 44)   The transcript was completed on August 31, 1993.  Petitioner implies that he received a copy of the mistrial transcript, but that it did not contain certain portions of the trial.  Yet, for some unexplained reason, Petitioner waited until December 11, 1995, more than two years after receiving the mistrial transcript, to file his first motion for a *complete* transcript of his *mistrial*.  The Superior Court denied that motion on January 19, 1996.  (D.I. 3, at Exh. B-2) Petitioner filed a motion for reconsideration of that denial on January 29, 1996, which the Superior Court denied on March 13, 1996.  *Id.*

Even if the Court liberally construes Petitioner's request for the mistrial transcript as an indication that Petitioner was investigating a potential Double Jeopardy claim at that point in time, the Court fails to see how the failure to obtain a *complete* copy of said transcript actually *prevented* Petitioner from filing a basic federal habeas petition asserting a Double Jeopardy argument during the relevant limitations period: April 1996 to April 1997.  In fact, even though Petitioner still has not obtained a *complete* copy of the mistrial transcript, he was able to file the instant Petition, as well as his third Rule 61 motion, without reviewing such transcript.  Thus, the Court concludes that the deprivation of the complete mistrial transcript does not constitute an extraordinary circumstance warranting equitable tolling.  *See Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006)("Where a petitioner is ultimately able to file his habeas petition, with or without having received replacement materials, the deprivation of legal materials does not justify equitable tolling.").

Further, to the extent Petitioner's failure to comply with the AEDPA's limitations period was due to a mistake in computing the time-period, such mistakes do not warrant equitable tolling. *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); *Simpson v. Snyder*, 2002 WL 1000094, at \*3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). And finally, the fact that seventeen (17) years passed between the filing of Petitioner's first unexhausted federal habeas petition and the instant Petition demonstrates that Petitioner has not acted diligently in pursuing his rights.  In these circumstances, the Court concludes that equitable tolling is not warranted.   Accordingly, the Court will dismiss the Petition as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court is persuaded that reasonable jurists would not find debatable the Court's conclusion that the instant Petition is time-barred.  Therefore, a certificate of appealability will not issue.

## V.  CONCLUSION

For the reasons discussed, the Court denies Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, without an evidentiary hearing.  (D.I. 2.)

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIS L. GRAYSON, JR.,             :       CIVIL ACTION
                                         :
                Petitioner,       :
                                         :
      v.                        :
                                       :
PERRY PHELPS, Warden, and     :
ATTORNEY GENERAL OF THE    :
STATE OF DELAWARE,         :
                                       :
            Respondents.     :       NO.  08-CV-538

**O R D E R**

AND NOW, this   21st   day of       April      , 2009 upon consideration of the

Petition for Writ of Habeas Corpus, and the State of Delaware's Response, inclusive of all

exhibits thereto, it is hereby ORDERED that:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 2) is **DISMISSED**, and the relief requested therein is **DENIED**, without an evidentiary hearing; and

2.      Petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable; thus, a certificate of appealability is **DENIED**.

IT IS SO ORDERED.

BY THE COURT;

         /S/LEGROME D. DAVIS
Legrome D. Davis, J.